**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:22-CV-01854-CNS-KAS

HSS Inc. and Hartford Fire Insurance Company

Plaintiff,

v.

Evolution Consulting, LLC

Defendant.

---

### PLAINTIFFS' HSS INC., AND HARTFORD FIRE INSURANCE COMPANY'S MOTION FOR LEAVE TO AMEND COMPLAINT

---

Plaintiffs, HSS Inc. and Hartford Fire Insurance Company (hereinafter "Plaintiffs"), by and through counsel Johnson Bakken Greely Smith, P.C. hereby file this Motion for Leave to Amend Complaint, pursuant to Fed. R.Civ. P. 15(a)(2), and in support thereof, state as follows:

Pursuant to D.C.COLO.LCivR 6.1, counsel for Plaintiffs conferred with counsel for Defendant about the relief requested herein, and can represent to the Court that Defendant opposes the relief requested herein.

## I.  INTRODUCTION

This Civil Action was filed by Plaintiff HSS Inc., on July 27, 2022.  Briefly, HSS, a company that provided security services to hospitals, contends that Defendant was negligent and breached a contract that was in place between the parties by performing

1

an improper background check on a prospective employee, whose subsequent actions while working for HSS after being hired ultimately resulted in a lawsuit being filed against Plaintiff HSS in California. *Dolphin v. HSS, et. al*., Case No. 20STCV17007, Los Angeles Superior Court, California (the "Dolphin Lawsuit"). Defendant subsequently failed to defend or indemnify Plaintiff in that action, resulting in HSS (and Plaintiff Hartford, its insurance carrier) being forced to pay attorneys' fees, settlement amounts and other funds to defend and resolve that case. That is the basis of this lawsuit.

On November 17, 2023, and in advance of the deadline contained in the Scheduling Order, Plaintiff HSS Inc. filed a Motion to Amend Complaint [Doc. 81], seeking to add Plaintiff Hartford Fire Insurance Company as a Plaintiff. Briefly, Hartford was Plaintiff HSS's insurance carrier at all relevant times and is subrogated to all of HSS Inc.'s claims in this case, and Plaintiff wanted to ensure with this amendment that any dispute regarding the standing of HSS to recover the damages claimed was eliminated. Per this Court's Order of January 9, 2024 [Doc. 87], the Court granted Plaintiff HSS Inc.'s Motion, allowing Hartford to be added to this case as a Plaintiff.

On January 19, 2024, Defendant filed a Motion for Summary Judgment [Doc. 90], asking the Court to grant summary judgment in favor of Defendant against both Plaintiff HSS and Plaintiff Hartford. Defendant's Motion contains a number of arguments directed at all of Plaintiffs' claims, but most pertinently, it contends that HSS Inc. is not a proper Plaintiff, as it was converted to HSS Security, LLC previously, and no longer exists. Defendant's Motion notes further that because the converted entity is an LLC and no state

2

of residence has ever been given for that entity, it raises the question of whether the Court has diversity jurisdiction over HSS's claims.

In conducting a thorough investigation in preparing a response to Defendant's Motion, Plaintiff HSS has now confirmed that HSS Security, LLC is, in fact, the proper party Plaintiff. HSS Inc. was converted into HSS Security, LLC prior to this action being filed and, unbeknownst to counsel until recently, HSS Inc. was never formally maintained independently or dissolved. Moreover, counsel has also discovered that not all of the individual members of HSS Security, LLC are diverse from Defendant Evolution Consulting, LLC, effectively destroying diversity jurisdiction for HSS for purposes of 28 U.S.C. §1332.

Based on the foregoing, Plaintiff Hartford presumes that the Court will soon dismiss HSS Inc. from this action, and in light of this, Plaintiff Hartford therefore desires to amend its Complaint to ensure that all of the claims it is asserting are clear, and otherwise specifically set forth and plead properly independent of HSS.  Indeed, Hartford, being a Connecticut corporation with its principal place of business in Connecticut, is still a diverse party from Defendant and this Court has the authority to maintain jurisdiction over a diverse insurer/subrogee if its insured is not diverse. *See St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 82 (2d Cir. 2005) ("in a diversity case in which both the insurer as subrogee and the insured are plaintiffs and the insurer has paid only part of the loss incurred by the insured, if the presence of either the insurer or the insured destroys diversity, both the district court and the court of appeals have the authority even

3

after the entry of judgment, absent prejudice to any party, to drop the nondiverse party—whether insurer or insured—in order to preserve subject matter jurisdiction.").

## II.  <u>FACTUAL BACKGROUND</u>

As noted above, this claim was filed in this Court on July 27, 2022. Plaintiff HSS Inc. had initially attempted to bring the claims set forth herein as a Third-Party Complaint in the Dolphin Lawsuit, described above. To that end, Plaintiff HSS filed a Motion for Leave to File Third Party Complaint Amend Complaint in that case on June 13, 2022. On July 19, 2022, the Court in the Dolphin Lawsuit denied the motion, so Plaintiff, as had been planned previously, immediately filed the instant action in this Court after simply revising the caption to Complaint and adding allegations pertinent to federal jurisdiction. Unbeknownst to Plaintiff's counsel at the time, HSS Inc. had been formally converted to HSS Security, LLC, by agreement of April 1, 2022. Details of that agreement were confidential, and not shared with undersigned counsel.

However, undersigned counsel had been advised previously by in-house counsel for HSS that HSS Inc. was in the process of a transition and understood that the form of the agreement was to be an asset purchase agreement. The actual timing and specifics of the transactions were unknown, as an outside law firm was handling the transaction and it was deemed confidential, but undersigned counsel assumed that HSS Inc. would persist as a shell entity or be dissolved after the purchase, and otherwise believed that HSS Inc., as the party that was sued in the underlying case and the entity that possessed claims in this case via its contract with Defendant, was the proper party entity, either as

a still existing corporation, or a dissolved entity, proceeding under Article 114 Colorado Corporations and Associations Act. *See* C.R.S § 7-114-105(2)(e) ("Dissolution of a company does not . . . [p]revent commencement of a proceeding by or against the corporation in its name.")

Undersigned counsel was eventually provided with a copy of the merger agreement in the underlying case at some time in early 2023. Again, the Agreement was and had been deemed confidential by HSS, but it had been requested by Plaintiffs' counsel in the Dolphin Lawsuit. Despite the language of conversion, counsel continued to assume that HSS, Inc. was the proper party in interest, whether as a dissolved or defunct entity.

Following resolution of the Dolphin Lawsuit in March 2023, discovery in this action commenced.[1] As discovery progressed, it became apparent through the written discovery propounded by Defendant, and the deposition testimony sought and obtained, that Defendant questioned HSS, Inc.'s standing to pursue the full value of the damages claimed. Undersigned counsel was then and has always been straightforward in conveying to Defendant that the vast majority of the claimed damages was comprised of money paid by HSS Inc.'s insurer, Hartford, pursuant to a policy of insurance with Hartford

---

[1] A Scheduling Order in this matter had been entered on October 18, 2022, but counsel for the parties had informally agreed to delay discovery while the underlying case progressed. Also, undersigned counsel left his former firm and started a new firm on February 1, 2023, and there were some further delays associated with that startup and while HSS decided which counsel to use moving forward. The parties ultimately filed a Joint Motion to Amend Scheduling Order on March 28, 2023 [Doc. 37], and once a protective order was put in place on April 17, 2023 [Doc. 43], discovery began.

and on behalf of Plaintiff HSS, but that Plaintiff HSS had standing to pursue those damages on behalf of Hartford, as subrogor of Hartford.

Ultimately, Defendant conducted the 30(b)(6) deposition of HSS, Inc.'s representative, Julie Richards, on October 12, 2023. During that deposition, Ms. Richards testified that HSS, Inc. no longer existed, and that it had been converted into HSS Security, LLC. Notably, though a designated representative on the topic of HSS's structure, Ms. Richards was not herself involved in any way in the transaction, as HSS had hired a specialized mergers and acquisitions firm to handle structuring, so Ms. Richards was not entirely sure of the specifics of the transaction. Plaintiff still believed at that time, that it had the ability to maintain the full value of the claim as the sole Plaintiff, and was the proper Plaintiff, as a non-existing corporation.

However, due to Defendant's position, and in the interest of ensuring that there was no problem with HSS's standing to recover those amounts paid by Hartford, HSS filed a Motion for Leave to Amend Complaint, to add Hartford Fire Insurance Company as a Plaintiff/subrogee [Doc. 81]. Notably, the First Amended Complaint attached thereto did *not* add any new claims, but rather noted simply that Hartford was the real party in interest to claim certain damages sought by HSS in the litigation as its subrogee. Again, this was the sole reason that counsel wanted to bring Hartford into the case as a Plaintiff at that time.

HSS's Motion for Leave to Amend was filed on November 17, 2023, [Doc 81], within the deadline set forth in the Scheduling Order approved by this Court. [Doc. 23].

6

Again, the First Amended Complaint filed concurrently therewith, including no new claims or changing any factual allegations, but merely adding Hartford as a real party in interest.

The Court, by Order of January 9, 2024 [Doc. 87], granted Plaintiff's Motion, adding Hartford as a Plaintiff. The Order also ruled on Plaintiff HSS, Inc.'s prior summary judgment motion, and granted HSS, Inc. partial summary judgment on two separate breach of contract claims. [Doc. 87].

Defendant Evolution filed its own summary judgment motion on January 19, 2024. [Doc. 90], and subsequently, an Answer to the First Amended Complaint on January 24, 2024 [Doc. 92]. Notably, one of the allegations in the First Amended Complaint, which was unchanged from the initial Complaint, was that Defendant Evolution Consulting, LLC is New York Limited Liability Company with a principal place of business in New York. *See* Doc. 88 at ¶ 3. In both its Answer to the Complaint and its Answer to the First Amended Complaint, Defendant Evolution Consulting specifically admitted this. [Doc. 92 ¶ 3].

Because there was outstanding additional discovery necessary for Plaintiff to respond to the Motion, Plaintiffs moved for and were granted an extension of time to respond to Evolution's Motion for Summary Judgment by the Court, up to and including March 29, 2024. [Doc. 95]. After this discovery had almost entirely been completed, Plaintiffs began the process of responding to Defendant's Motion.

Notably, among the arguments asserted by Defendant was that HSS, Inc. was not the proper party Plaintiff, having been converted to HSS Security, LLC. Defendant also

then raised the issue of HSS Security, LLC's state of residence, noting that no confirmation of that had been made for diversity jurisdiction purposes.

After a thorough review of the extremely complicated corporate structure of its client, which necessitated inquiries with multiple other lawyers and entities, and after considerable research regarding the potential bases for jurisdiction for defunct and/or converted companies, Plaintiff must concede that HSS Security, LLC, is the proper party to have brought this claim, as it maintains the same rights as the original entity, HSS, Inc. via its conversion. *See* C.R.S. § 7-90-202(4) (upon conversion of an entity, "[t]he resulting entity is the same entity as the converting entity.")  Moreover, HSS Security, LLC, has now been determined to have downstream members residing in the State of Florida, which is the same residence as the sole member of Evolution Consulting, LLC Tony Elwood, thus destroying diversity jurisdiction as to HSS. Notably, Plaintiffs did not determine that Mr. Elwood was the sole member of Evolution Consulting, LLC or that his primary residence was in Florida until his February 22, 2024, deposition. Plaintiff had assumed that, per Defendant's Answer, Plaintiff was a New York, LLC, and Plaintiff has still discovered no downstream members of HSS Security, LLC that reside in New York.

In any event, it is Plaintiffs' assumption that Plaintiff HSS, Inc. will shortly be dismissed from the case. Hartford, however, is still diverse from Evolution, it being a Connecticut corporation with its principal place of business in Connecticut.  In light of that, this Court still maintains subject matter jurisdiction over Hartford's claims and Hartford believes that it is necessary to amend the Complaint not just to reflect the fact that no

HSS entity will now be part of the litigation, but to more clearly state the nature of the claims Hartford has against Defendant. To that end, Plaintiffs are filing this Motion for Leave to Amend Complaint and are attaching hereto as Exhibits A and B, respectively, pursuant to D.C.COLO.LCivR 15.1(b), redlined and clean versions of the proposed Second Amended Complaint to accurately reflect the nature of the claims possessed by Hartford, including most significantly, a claim for equitable subrogation.

### III. LEGAL STANDARD

Fed.R.Civ.P. 15(a)(2) provides that:

> (2) [A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The language that the court should freely grant leave when justice so requires is to be liberally construed. Motions to amend a complaint under Federal Rule of Civil Procedure 15 should be freely granted when justice requires. *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990). (See also *Reaves v. Sielaff*, 382 F.Supp. 472, 474 (E.D.Pa. 1974), wherein the Court stated that the purpose of allowing amendment of pleadings is to permit final decision on the merits, and not on technicalities).

The decision whether to grant a motion to amend is left to the sound discretion of the trial court. *Galieti v.State Farm Mut. Auto. Ins. Co.,* 840 F.Supp. 104, 105 (D.Colo. 1993). Moreover, a motion for leave to amend must be decided on the facts and circumstances of each particular case. *Caddy-Imler Creations, Inc. v. Caddy*, 299 F.2d

79, 84 (9th Cir. 1962). Notably, other courts have held that when a party moves to amend or add a party after the deadline and a district court's scheduling order has passed, the "good cause" standard of Fed.R.Civ.P. 16(b)(4) applies, and that a party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard. *Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3rd Cir. 2020).

In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend a pleading should, as rules require, be freely given. *Beckett ex rel. Continental Western Ins. Co. v. U.S.*, 217 F.R.D. 541, 543 (D. Kan. 2003); *see also First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987).

### IV. ARGUMENT

### a.    Jurisdictional Analysis

28 U.S.C. § 1332 requires complete diversity of citizenship between all plaintiffs and all defendants for a federal court to maintain diversity jurisdiction. Diversity is determined at the time of the filing of the complaint. *Grynberg v. Kinder Morgan Energy Partners, L.P.,* 805 F.3d 901, 905 (10th Cir. 2015). While a corporation's citizenship is determined by the state of its incorporation and location of its principal place of business, the citizenship of an LLC and other unincorporated association is determined by the citizenship of all of its members. *Gwilt v. Harvard Square Ret. & Assisted Living*, 537 F.

Supp. 3d 1231, 1245 (D. Colo. 2021), *citing Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015).

HSS, Inc. was a Colorado corporation with its principal place of business in Colorado. Evolution Consulting, LLC is a New York limited liability company, with its principal place of business in New York. Thus, undersigned counsel originally believed that the parties were diverse when the Complaint was filed.

Again, unbeknownst to undersigned counsel in April of 2022, HSS, Inc. converted to HSS Security, LLC. Pursuant to the Colorado Corporations Act, C.R.S. § 7-90-202(4), upon conversion of an entity, "[t]he resulting entity is the same entity as the converting entity." Thus, HSS Security, LLC is HSS, Inc., has all the same rights and was (and is) the proper party to the lawsuit at the time the Complaint was filed.

> [W]hen an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes. In other words, when an entity is comprised of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court.

*U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC*, 2009 WL 2055206, at *2 (D. Colo. 2009). HSS Security, LLC's sole member is another LLC, whose sole member is another LLC, etc. There are eight layers of LLCs, until you arrive at a limited partnership as a member, which has multiple individual members that are domiciled in Florida. It was recently revealed in the deposition of Evolution's sole member and CEO, Tony Elwood, that he also has been domiciled in Florida for approximately seven years. Thus, HSS Security, LLC and Evolution were not diverse when the Complaint was filed. Hartford is

11

a Connecticut corporation with its principal place of business in Connecticut and, therefore, is still diverse from Evolution.

**b.    Good Cause Exists to Grant Leave to Amend**

As set forth above, and it hopefully clear to the Court based on counsel's explanation of the uncovering of HSS, Inc.'s conversion to HSS Security, LLC, this error was in no means performed in bad faith or otherwise with an intent to engage in gamesmanship or to attempt to gain diversity jurisdiction where there otherwise was none.  Rather, it was an honest mistake by all involved and undersigned counsel is bringing the matter to the Court's attention upon its discovery of the same to that the issue can be remedied.

Given that the parties have already expended great effort and expense litigating this case, undersigned counsel suggests that the best way to move forward is to dismiss HSS, Inc. from the case for lack of diversity jurisdiction and continue to allow Hartford to prosecute the case, as HSS' subrogee, asserting the same claims and damages as have been asserted by HSS since the day this case was filed. This exact scenario was presented in the Second Circuit case of *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, which is instructive. 409 F.3d 73, 81 (2d Cir. 2005).  In *St. Paul Fire,* an insurer, St. Paul, and its insureds, Durst and FTSA, filed suit against defendant, USB, for damages paid out for an underlying loss. Durst and FTSA paid $1,000,000 of the loss, and St. Paul paid the remaining $19,000,000 under Durst and FTSA's policy. *Id.* Just as here, HSS paid its first $100,000 of attorney's fees in the Dolphin Lawsuit as its

deductible, before Hartford paid the remainder of the attorney's fees and costs and the settlement amount.

The court noted that Durst and FTSA, as well as USB, were citizens of New York, and, therefore, lack diversity. St. Paul, however, was diverse. *Id.* at 82. Following an analysis of the applicable Federal Rules of Civil Procedure—including holding that when "both insurer and insured real stakes in the outcome, '[t]hey are clearly not 'indispensable' parties' within the meaning of Fed.R.Civ.P. 19," and therefore "'where the insurer has not fully compensated the insured for its loss, 'either party may sue' without the presence of the other." (*Id.* at 81) — the court held as follows:

> in a diversity case in which both the insurer as subrogee and the insured are plaintiffs and the insurer has paid only part of the loss incurred by the insured, if the presence of either the insurer or the insured destroys diversity, both the district court and the court of appeals have the authority even after the entry of judgment, absent prejudice to any party, to drop the nondiverse party—whether insurer or insured—in order to preserve subject matter jurisdiction.

*Id.* at 82. The court reasoned that,

> [The court has been] persuasively urge[d]. . . to exercise our authority under Fed.R.Civ.P. 21 to drop the nondiverse plaintiffs rather than ordering that the entire action, which has been pending for some five years, be dismissed for lack of jurisdiction. In the interest of judicial efficiency, and in the absence of any indication that dropping Durst and FTSA will cause any party prejudice, we hereby dismiss Durst and FTSA from the action, leaving St. Paul as the only plaintiff.

*Id.* at 82.

The *St. Paul* ruling is directly on point to this case. The parties in this case, which have been pending since July of 2022, have already expended significant effort and cost

in engaging in discovery and motion practice. This Court has similarly invested its time in ruling on a number of substantive motions, including having already entered liability judgments in favor of HSS on two breach of contract claims. (*See* Order Granting in Part HSS' Motion for Partial Summary Judgment, Doc. 87).[2] Since Hartford is pursuing its claims solely as a subrogee of HSS and is seeking the exact same claims and damages as HSS, all the discovery and rulings made to date are still applicable in this case, even if HSS is dismissed. Therefore, no party would be prejudiced.  Accordingly, dropping HSS, Inc. as a plaintiff and allowing Hartford to proceed would be in the best interest of judicial efficiency.

As to the proposed amendment, Hartford is not seeking with its proposed amendment to do anything other than clarify the nature of its interest, along with the specific basis of the claims it possesses against Evolution, as subrogee of HSS, Inc. Plaintiff Hartford is not moving to amend its Complaint to plead new claims or otherwise change any substantive allegations, simply to clarify the nature of Plaintiff Hartford's right to recovery, in the forthcoming absence of Plaintiff HSS. In fact, there are certain categories of damages discussed below, which are no longer available to Plaintiff with HSS no longer a party to the case, and this will effectively simply the case.

Moreover, because Plaintiff's Hartford's claims are effectively the exact same claims as those that were asserted by HSS, there will be no prejudice to Defendant

---

[2] Concurrently with the filing of this Motion, Hartford is filing a Motion for Partial Summary Judgment, seeking that this Court apply the liability judgments it granted in favor of HSS, to Hartford, as its subrogee.

Evolution by allowing this amendment. The parties have now completed discovery (save for one deposition), and this discovery encompassed all of the discovery that would have been done regardless of whether Hartford or HSS was a party, as the claims are exactly the same. Furthermore, this amendment will not cause any undue delay – trial in the matter has not been set, and a Final Pre-Trial Conference is set for June 13, 2024, over two months away. With no additional discovery to be done (again, save one deposition), there should be no reason for the Court to cancel or postpone this conference.

Finally, Plaintiff also submits that the foregoing would also show that there has been no bad faith, undue delay or dilatory motive in seeking this amendment. Hartford was only added as a party two months ago, and this Motion is only necessitated by jurisdictional issues pertaining to a co-Plaintiff that were only recently discovered and confirmed by counsel. Again, granting of this Motion as to Plaintiff Hartford will not delay the case or prejudice Defendant Evolution in any way, but should in fact streamline the case with the elimination of certain arguments.

WHEREFORE, Plaintiff Hartford Fire Insurance Company hereby requests that the Court grant this Motion, and deem Plaintiff Hartford's Second Amended Complaint, filed concurrently herewith as Exhibit B, filed as of the date of the Order, and to any and other relief the Court may deem just and proper under the circumstances.

Respectfully submitted this 5th day of April 2024.

JOHNSON BAKKEN GREELY SMITH, P.C.

/s/  Ryan L. Greely

James A. Johnson, 27046
Ryan L. Greely, 53064
Johnson Bakken Greely Smith, P.C.
9200 E. Mineral Avenue, Suite 450
Centennial, Colorado 80112
Phone: 720-921-2070
*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on 5th day of April 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notifications of such filing to the following:

Craig J. Mariam
Elena Kuzminova
Gordon Rees
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
cmariam@grsm.com
ekuzminova@grsm.com
*Attorneys for Defendant*

JOHNSON BAKKEN GREELY SMITH, P.C.

/s/  Ryan L. Greely

James A. Johnson, 27046
Ryan L. Greely, 53064
Johnson Bakken Greely Smith, P.C.
9200 E. Mineral Avenue, Suite 450
Centennial, Colorado 80112
Phone: 720-921-2070
*Attorneys for Plaintiff*

16