# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:22-CV-01854-CNS-KAS

Hartford Fire Insurance

Plaintiff,

v.

Evolution Consulting, LLC

Defendant.

---

## SECOND AMENDED COMPLAINT AND JURY DEMAND

---

Plaintiff Hartford Fire Insurance Company, individually and as and subrogee of its insured, HSS, Inc., by and through counsel, Johnson Bakken Greely Smith, P.C., for its Second Amended Complaint against Evolution Consulting, LLC ("Defendant"), hereby alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiff Hartford Fire Insurance Company (hereinafter "Hartford") is a Connecticut casualty insurance company authorized to conduct business and sell casualty insurance policies in the State of Colorado.

2. Defendant Evolution Consulting, LLC (hereinafter "Evolution") is a New York limited liability company, with a principal place of business at 49 Court Street, Binghamton, New York 13901. The sole member of Evolution is Tony Elwood, whose

1

EXHIBIT  B

primary place of residence is Florida.

3.    The Court has jurisdiction over this lawsuit pursuant to U.S.C. §1332(a)(1) because there is complete diversity of citizenship between the Plaintiff and the Defendant.

4.    The amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

5.    Venue is proper because the contract between HSS and Evolution specifies that the State of Colorado will be the venue for resolution of any disputes between the parties.

### FACTUAL ALLEGATIONS

6.    HSS is a national company providing security services in healthcare facilities and high-risk security environments, including hospitals and other healthcare facilities.

7.    Hartford issued a CGL insurance policy to HSS providing casualty insurance (the "Policy").

8.    On October 1, 2015, HSS entered into a Contract with Defendant CHA Hollywood Presbyterian Medical Center, L.P. (hereinafter "HPMC"), pursuant to which HSS would provide security personnel and staffing at HPMC's Los Angeles, California facility.

9.    Evolution is a consulting company that, among other things, performs "legal, comprehensive criminal background checks for pre-employment applicants . . . to ensure that the applicant is allowed by law to work in certain environments, such as healthcare."

10. On June 30, 2017, HSS and Evolution entered into a Contract (the "Contract"), which Contract was drafted by Evolution, not HSS.

11. The terms of the Contract required Evolution to perform background investigations on prospective HSS employees and job candidates. Specifically, pursuant to Section 1 and Exhibit A of the Contract, each investigation included a Social Security Trace, a National Criminal Search, a County Criminal Search, a Federal Criminal/Civil Court PACER search, and up to three alias name searches. Each county search, which would have included Los Angeles County, was to be performed using a social security number trace.

12. Section 6 of the Contract also required Evolution to maintain commercial general liability, contractual liability and errors & omissions insurance, at its own expense, naming HSS as an additional insured on all policies. Evolution was to provide HSS with copies of all policies upon written request.

13. Section 7 of the Contract required Evolution to indemnify, defend and hold harmless HSS against any and all "inter party and/or third-party demands, claims, lawsuits, assessments, judgments, settlements, fines, liabilities, damages, costs and expenses" resulting from the negligence or willful misconduct of Evolution and any of its employees.

14. On June 6, 2018, Evolution completed a background check on Cesar Almazan, then a candidate for employment at HSS. On that same date, Evolution

produced a background report to HSS, stating in that report that Mr. Almazan had no prior criminal record or history in the State of California.

15. In part as a result of Evolution's findings that Mr. Almazan had no known criminal record or history in California, HSS made the decision to hire and subsequently retain Mr. Almazan as a security guard.

16. Contrary to Evolution's representation, at the time the report was provided, Mr. Almazan did, in fact, have a criminal conviction in the State of California.

17. Mr. Almazan was arrested on April 16, 2018, and through a plea agreement with the District Attorney dated May 14, 2018, pled no contest to a violation of Penal Code 245(a)(4), which is to commit an assault and to do so by using force that is likely to produce "great bodily injury," which is classified as a violent felony.

18. Neither the incident itself nor the subsequent arrest and conviction were discovered by Evolution in its background search on Mr. Almazan, despite the fact that all had occurred well in advance of the date it issued its report to HSS and would have appeared in a properly conducted criminal background investigation.

19. A conviction for a violent felony disqualifies any job candidate from employment with HSS as a security officer. Had HSS been correctly advised of Mr. Almazan's criminal history by Evolution, it would not have hired Mr. Almazan as a security guard.

20. On August 16, 2019, Almazan was involved in an incident involving Jerroll and Erroll Dolphin at the Hollywood Presbyterian Medical Center, that was the subject

of the Dolphins' Complaints against HSS in Consolidated Case No. 20STCV17007, previously pending in the State of California, County of Los Angeles ("Case No. 20STCV17007").

21. Subsequent to this event, HSS discovered that Mr. Almazan had the aforementioned conviction on his record and terminated his employment with HSS.

22. Both Complaints in Case No. 20STCV17007 include, among other claims, a claim for negligence on the part of HSS in the hiring, of Mr. Almazan.

23. The respective Complaints allege specifically that HSS knew or should have known that Almazan had a criminal conviction for a violent crime on his record, and that as a result, should not have hired him as a security guard.

24. Following receipt of the respective Complaints, HSS requested that Evolution provide defense and indemnification for HSS, pursuant to Section 7 of the Contract, as all or part of the reason that HSS had been sued was due to Evolution's failure to provide a proper background check and identify prior, felonious criminal activity on Mr. Almazan's criminal record.

25. Pursuant to Section 6 of the Contract, HSS submitted a written request to Evolution to produce a valid copy of Evolution's insurance policies identifying HSS as an additional insured.

26. By email of March 7, 2022 to counsel for HSS, Evolution stated that it had no insurance policies that named HSS as an additional insured.

27. By email of March 8, 2022, Evolution forwarded a letter to counsel for HSS,

declining to provide a defense to HSS in either lawsuit, and furthermore, stating that it would also not indemnify HSS in the event HSS was found liable for any of Plaintiff's claims in the aforementioned lawsuits.

28.   The aforementioned lawsuits settled for a confidential sum on or around March 14, 2023. Hartford, on behalf of its insured, HSS, HSS' employees and HSS' indemnitee, HPMC, paid the settlement amount.

29.   As a result of providing coverage under the Policy, Hartford incurred money damages when it compensated HSS, its employees, Sergio Villarreal and Cesar Almazan, and its indemnitee, HPMC, for their attorney's fees, defense costs, and the amount necessary to settle the aforementioned lawsuits on HSS' behalf.

30.   Hartford is subrogated to the rights of HSS pursuant to the terms of the Policy, as subrogee, and also pursuant to the rules of equitable subrogation.

31.   Pursuant to its Policy of insurance, law and equity, and to the extent of its payments to and on behalf of HSS, its employees and its indemnitee, related to the aforementioned lawsuits, Hartford is subrogated to the rights of HSS against those persons and entities legally responsible for the loss, including Evolution.

32.   In addition to the amounts paid out under the Policy, Hartford seeks recovery of prejudgment interest on to the extent allowed pursuant to Colorado law, including Colorado Revised Statute § 5-12-102.

### FIRST CLAIM FOR RELIEF
### (NEGLIGENCE)

33.   Plaintiff incorporates and re-alleges all of the allegations contained in the

6

preceding paragraphs of the Second Amended Complaint as though such allegations were set forth in full and re-pled herein.

34. By May 14, 2018, Cesar Almazan had been arrested, charged, and convicted of a violent felony in the State of California.

35. Evolution completed a background search for criminal activity on Cesar Almazan, on behalf of HSS, on or around June 6, 2018, which purportedly included a comprehensive check for criminal records in the State of California.

36. Evolution's June 6, 2018 report to HSS represents that Mr. Almazan had no arrests or criminal convictions, despite his previous arrest and May 14, 2018 conviction.

37. At the time it conducted its search, Evolution had a duty to HSS to perform its' search in a reasonably careful and thorough manner.

38. By not identifying any prior arrest or criminal conviction, Evolution failed to perform a reasonably careful and thorough search, breaching its duty to HSS.

39. Evolution breached its duty to HSS.

40. As a result of Evolution's breach of this duty, Hartford, as subrogee of HSS, has suffered, and will continue to suffer damages, in the form of attorney's fees, costs, and the amount required to settle the aforementioned lawsuits, to be determined at trial.

41. As a result of providing coverage under the Policy, Hartford has incurred the aforementioned attorney's fees, costs, and the amount required to settle the aforementioned lawsuits as insurer for HSS, in an amount to be proven at trial, and is entitled to judgment against Evolution for the damages caused by Evolution's

negligence.

## SECOND CLAIM FOR RELIEF
### (NEGLIGENT MISREPRESENTATION)

42.    Plaintiff incorporates and re-alleges all of the allegations contained in the preceding paragraphs of the Second Amended Complaint as though such allegations were set forth in full and re-pled herein.

43. By May 14, 2018, Cesar Almazan had been arrested, charged, and convicted of a violent felony in the State of California Evolution completed a background search for criminal activity on Cesar Almazan, on behalf of HSS, on or around June 6, 2018, which purportedly included a comprehensive check for criminal records in the State of California.

44. In Evolution's June 6, 2018 report to HSS, it represented that Mr. Almazan had no arrests or criminal convictions, despite his previous arrest and May 14, 2018 conviction.

45. By informing HSS that Cesar Almazan had no arrests or criminal convictions in its June 6, 2018 report, it made a false statement to HSS.

46. Evolution was negligent in making the statement because at the time it made the statement, it should have known the statement was false. .

47.   At the time it made the statement, Evolution intended and expected that HSS would rely on the statement.

48. HSS did, in fact, rely on the statement that Cesar Almazan had no prior arrests or convictions, as part of its criteria for hiring Mr. Almazan as a security officer.

49.    As a result of Evolution's negligent misrepresentation, Hartford, as subrogee of HSS, has suffered, and will continue to suffer damages, in the form of attorney's fees, costs, and the amount required to settle the aforementioned lawsuits, to be determined at trial.

50.    As a result of providing coverage under the Policy, Hartford has incurred the aforementioned attorney's fees, costs, and the amount required to settle the aforementioned lawsuits as insurer for HSS, in an amount to be proven at trial, and is entitled to judgment against Evolution for the damages caused by Evolution's negligence.

**THIRD CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

51.    Plaintiffs incorporate and re-allege all of the allegations contained in the preceding paragraphs of the Second Amended Complaint as though such allegations were set forth in full and re-pled herein.

52.    Section 7 of the Contract between HSS and Evolution requires that Evolution defend and indemnify HSS in the event that HSS is sued due to the alleged negligence or other improper conduct of Evolution.

53.    Plaintiffs' allegations in Case No. 20STCV17007 allege clearly that HSS's background check and investigative process for job applicants, which was performed by Evolution on behalf of HSS, failed to discover that Almazan had a violent felony on his record prior to hiring him, and that HSS's conduct in hiring and retaining him was negligent.

9

54.   Based on the foregoing, HSS has been sued for Evolution's negligence in failing to discover a violent felony on Almazan's record, and report same to HSS.

55.   Based on Section 7 of the Contract, HSS formally demanded that Evolution provide a defense to and indemnify HSS in these lawsuits.

56.   By letter of March 8, 2022, Evolution declined to provide a defense or agree to subsequently indemnify HSS in the event of an adverse verdict, in either lawsuit, and continues to take that position as of the date of this Complaint.

57.   By failing to defend HSS in these cases, and by failing to agree to indemnify HSS in the event of an adverse verdict, Evolution has breached its contract with HSS.

58.   Section 6 of the Contract between HSS and Evolution requires that Evolution, at all times relevant hereto and throughout the term of the Contract, maintain general liability, contractual liability and errors & omissions insurance policies naming HSS as an additional insured under each policy.

59.   By email of March 7, 2022, counsel for Evolution advised HSS that Evolution had no insurance policy naming HSS as an additional insured, as required by the Contract.

60.   Based on the allegations contained in Plaintiffs' Complaints, coverage under any or all of the policies would have been triggered had evolution properly named HSS as an additional insured on all of its' insurance policies, and HSS would have been provided a defense.

61.   Evolution's failure to maintain the required insurance policies naming HSS

an additional insured constitutes a breach of contract.

62.   As a result of Evolution's various breaches of contract, Hartford, as subrogee of HSS, has suffered, and will continue to suffer damages, in the form of attorneys' fees, costs, and other potential damages, to be determined.

63.   As a result of providing coverage under the Policy, Hartford has incurred the aforementioned attorney's fees, costs, and the amount required to settle the aforementioned lawsuits as insurer for HSS, in an amount to be proven at trial, and is entitled to judgment against Evolution for the damages caused by Evolution's negligence.

**FOURTH CLAIM FOR RELIEF**
**(DECLARATORY JUDGMENT)**

64.   Plaintiff incorporates and re-alleges all of the allegations contained in the preceding paragraphs of the Second Amended Complaint as though such allegations were set forth in full and re-pled herein.

65.   Pursuant to Section 6 of the Contract, Evolution was required to defend and indemnify HSS in the event of a lawsuit or claim against HSS, which claim or lawsuit is based on the negligence of Evolution.

66.   Alternatively, pursuant to Section 7 of the Contract, Evolution was to maintain commercial liability, contractual liability and errors & omissions insurance policies, under which HSS would be designated as an additional insured.  Had Evolution done so, HSS would have been entitled to defense and indemnification for the claims asserted herein by Evolution's insurance carrier(s).

67. Evolution refused to defend and indemnify HSS in these lawsuits or to reimburse HSS or Hartford for the amounts expended by those entities in their own defense and indemnification, and has confirmed that it maintained no insurance policies identifying HSS as an additional insured.

68. As a result of this conduct, Hartford, as subrogee of HSS, has suffered, and will continue to suffer damages, in the form of attorneys fees, costs, and the amount required to settle the aforementioned lawsuits.

69. As a result of providing coverage under the Policy, Hartford has incurred the aforementioned attorney's fees, costs, and the amount required to settle the aforementioned lawsuits, in an amount to be proven at trial.

70. Pursuant to C.R.S. § 13-51-101, et. seq. and C.R.C.P. 57, any person may seek declaratory relief and ask the Court to make a determination as to the respective rights and obligations of the parties pursuant to a contract.

71. Plaintiff hereby requests that this Court declare and order that Evolution was required to provide a defense to HSS in this case, and related Case No. 20STCV17007, and that Evolution indemnify Plaintiff for the amount of the settlement paid by Hartford on HSS' behalf, and amounts paid directly by Hartford on HSS's behalf as attorneys' fees and other costs in defense of the underlying litigation.

### Fifth Claim for Relief
### (Equitable Subrogation)

72. Plaintiff incorporates and re-alleges all of the allegations contained in the preceding paragraphs of the Second Amended Complaint, as though such allegations

were set forth in full and re-pled herein.

73.   At all times relevant hereto, HSS was insured through a CGL insurance policy issued by Hartford to HSS, providing casualty insurance.

74.   On August 16, 2019, HSS employee Cesar Almazan was involved in an incident involving Jerroll and Erroll Dolphin at the Hollywood Presbyterian Medical Center.

75.   As a result of that incident, the Dolphins filed Complaints against HSS in Consolidated Case No. 20STCV17007, previously pending in the State of California, County of Los Angeles ("Case No. 20STCV17007).

76.   Pursuant to the Policy, HSS tendered the claim to Hartford for defense and indemnification.

77.   Pursuant to the terms of the Policy, Hartford subsequently provided a defense in that litigation to HSS, its employees, and its indemnitee, HPMC, incurring fees for defense.

78.   The aforementioned lawsuits settled for a confidential sum on or around March 14, 2023. Hartford, on behalf of its insured, HSS, HSS' employees and HSS' indemnitee, HPMC, paid the settlement amount.

79.   As a result of providing coverage under the Policy, Hartford incurred money damages when it compensated HSS, its employees, Sergio Villarreal and Cesar Almazan, and its indemnitee, HPMC, for their attorney's fees, defense costs, and the amount necessary to settle the aforementioned lawsuits on HSS' behalf.

80.    As a result of Defendant Evolution's conduct, Hartford was forced to incur significant damages, including amounts paid for attorneys' fees and costs, and indemnification amounts to resolve the claim.

81.    As HSS's insurer that paid benefits on behalf of HSS, Hartford is equitably subrogated to  the rights of HSS, and entitled to recover those damages from Evolution.

82.    As a result of providing coverage under the Policy, Hartford has incurred the aforementioned attorney's fees, costs, and the amount required to settle the aforementioned lawsuits as insurer for HSS, in an amount to be proven at trial, and is entitled to judgment against Evolution for the damages caused by Evolution's negligence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment on all causes of actions as follows:

1.    For past and future attorney's fees incurred in the defense of this action and related Case No. 20STCV17007, as well as costs of suits, herein;

2.    For any and all other consequential damages related to defense and handling of this action and related Case No. 20STCV17007, including the settlement amount paid to settle Case No. 20STCV17007;

3.    All pre and post-judgment interest permissible under Colorado law;

4.    For punitive damages, according to proof; and

5.    For such other relief as the Court may deem just and proper under the

circumstances.

Respectfully submitted this 5th day of April, 2024.

JOHNSON BAKKEN GREELY SMITH, P.C.

/s/  Ryan L. Greely

James A. Johnson, 27046
Ryan L. Greely, 53064
Johnson Bakken Greely Smith, P.C.
9200 E. Mineral Avenue, Suite 450
Centennial, Colorado 80112
Phone: 720-921-2070
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system and/or via email which will send notifications of such filing to the following:

Elena Kuzminova
Craig Mariam
Gordon Rees
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
ekuzminova@grsm.com
cmariam@grsm.com
*Attorneys for Defendant*

JOHNSON BAKKEN GREELY SMITH, P.C.

/s/  Ryan L. Greely

Ryan L. Greely
James A. Johnson
Johnson Bakken Greely Smith, P.C.
9200 East Mineral Avenue, Suite 450
Centennial, Colorado 80112
*rgreely@johnsonbakken.com*
*jjohnson@johnsonbakken.com*
*Attorneys for Plaintiff*