**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:22-CV-01854-CNS-KAS

HSS Inc. and Hartford Fire Insurance Company,

     Plaintiffs,

v.

Evolution Consulting, LLC

     Defendant.

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
EVOLUTION CONSULTING, LLC'S MOTION TO DISMISS
ENTIRE ACTION PURSUANT TO RULE 12(B)(1) FOR
LACK OF SUBJECT MATTER JURISDICTION [DOC. 117]**

---

Plaintiffs HSS, Inc. ("HSS") Hartford Fire Insurance Company ("The Hartford"), by and through their counsel, Johnson Bakken Greely Smith, P.C., hereby submit the following Response in Opposition to Evolution Consulting, LLC's Motion to Dismiss Entire Action Pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction [Doc. 117] ("the MTD"), and in support thereof, states as follows:

## I.  INTRODUCTION

As an initial matter, and as set forth fully in detail in Plaintiffs' pending Motion for Leave to File Second Amended Complaint [Doc. 107] ("Motion for Leave to Amend"), which was filed prior to Evolution's MTD, Plaintiffs acknowledge that this Court does not have subject matter jurisdiction over HSS.[1] Undersigned counsel willingly brought this fact to the Court's attention upon their discovery of the same and acknowledged that dismissal of HSS' claims for lack of subject matter jurisdiction was appropriate.[2]

However, also as fully set forth in Plaintiffs' Motion for Leave to Amend, Hartford, HSS' insurer and subrogee, is diverse from Evolution and this Court has subject matter jurisdiction over its claims, which are the same claims that HSS has asserted since day one of this case. Discovery in this case is essentially complete, and this Court has already made a substantive ruling on the merits of two of these claims. [*See* Doc. 87]. Hartford asserts that the interests of judicial efficiency require that this Court maintain jurisdiction over Hartford's claims.

---

[1] The details surrounding undersigned counsel's discovery of HSS, Inc.'s conversion and the investigation into its citizenship are fully set forth in the Motion for Leave to Amend, which is incorporated herein by reference. Suffice it to say, as detailed in the Motion for Leave to Amend, HSS' conversion was a very unique factual scenario and undersigned counsel certainly did not file originally file this lawsuit knowing that HSS was not diverse or otherwise in bad faith. Evolution cites to an appellate brief filed on behalf of HSS Security, LLC shortly after its conversion in an effort to show that undersigned counsel had knowledge of this conversion but fails to point out that the appellate brief was filed by a different law firm.

[2] It should be noted that HSS is not voluntarily dismissing its claims, as it does intend to refile its claims in state court under the Colorado Savings Statute, C.R.S. § 13-80-111(1), which requires "termination [of an action] because of lack of jurisdiction. . ."  It is merely acknowledging to the Court that it is not diverse from Evolution and, therefore, this court lacks subject matter jurisdiction over its claims.

Indeed, federal case law has addressed this precise procedural scenario, where a diverse insurer has paid only part of the non-diverse insured's loss, and it was later discovered after significant discovery had already been conducted that the insured was not diverse, in the Second Circuit case of *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply,* 409 F.3d 73, 82 (2d Cir. 2005). Citing to U.S. Supreme Court case law, the Court in *St. Paul* determined that an insurer and insured, when each have their own damages, "are clearly not 'indispensable' parties" within the meaning of Fed.R.Civ.P. 19, and that "'either party may sue' without the presence of the other." *Id.* at 81, *quoting United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 382, 70 S. Ct. 207, 216 (1949). Following this reasoning, the Court then directly held that,

> in a diversity case in which both the insurer as subrogee and the insured are plaintiffs and the insurer has paid only part of the loss incurred by the insured, if the presence of either the insurer or the insured destroys diversity, both the district court and the court of appeals have the authority **even after the entry of judgment**, absent prejudice to any party, to drop the nondiverse party—whether insurer or insured—in order to preserve subject matter jurisdiction.

*St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply,* 409 F.3d 73, 82 (2d Cir. 2005) (emphasis added). This Court should similarly maintain jurisdiction over Hartford's claims here. As set forth below, the *St. Paul* case has the most factually comparable scenario to the instant case out of all of the cases cited by Evolution in its MTD and, therefore, Hartford suggests that this Court issue a ruling consistent with *St. Paul.*

Further, to the extent that this Court agrees with Evolution's argument that it did not have subject matter jurisdiction to grant the Motion for Leave to Amend adding the Hartford as a Plaintiff, Hartford suggests that dismissing its claims based on this technicality would be an exercise in futility. This is because, since HSS and Hartford are

2

not indispensable parties and can bring their claims independently, ***Hartford could turn around and refile in federal District Court based on diversity jurisdiction.*** Hartford respectfully submits that this Court exercise its discretion and avoid having the parties engage in a pointless procedural exercise and simply allow Hartford to continue to pursue its claims in the instant case, where discovery is all but completed and the Court has already made substantive rulings on liability in the case.

Based on the above, Plaintiffs submit that this Court should grant Evolution's MTD solely as to HSS, for lack of diversity jurisdiction, but deny Evolution's MTD as to Hartford.

## II.    ARGUMENT

**I.  THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER HSS' CLAIMS BUT DOES HAVE SUBJECT MATTER JURISDICTION OVER HARTFORD'S CLAIMS**

### a. Plaintiffs Acknowledge That Dismissal of HSS' For Lack of Subject Matter Jurisdiction is Appropriate.

Briefly, and as set forth more fully in Plaintiffs' Motion for Leave to Amend, HSS, Inc., a Colorado corporation, converted to HSS Security, LLC, a Delaware limited liability company, in April of 2022, prior to its the filing of this case on July 27, 2022.  Regardless of whether you apply Colorado or Delaware law, a corporate conversion has the same effect; the entity remains the same and maintains the same legal rights as the original entity. *See* C.R.S. § 7-90-202(4) (upon conversion of an entity, "[t]he resulting entity is the same entity as the converting entity."); see also 6 DE § 18-214 (e) ("The conversion of any other entity into a domestic limited liability company shall not be deemed to affect any obligations or liabilities of the other entity incurred prior to its conversion to a domestic

limited liability company or the personal liability of any person incurred prior to such conversion.").[3] Thus, HSS, Inc. is the same entity with the same legal rights as HSS Security, LLC. However, HSS Security, LLC is the proper Plaintiff in this case, not HSS, Inc.

28 U.S.C. § 1332 requires complete diversity of citizenship between all plaintiffs and all defendants for a federal court to maintain diversity jurisdiction. An LLC's citizenship is determined by the citizenship of all of its members. *Gwilt v. Harvard Square Ret. & Assisted Living*, 537 F. Supp. 3d 1231, 1245 (D. Colo. 2021). Undersigned counsel's lengthy investigation into HSS' complicated entity structure uncovered that HSS Security, LLC's sole member is another LLC, whose sole member is another LLC, etc. There are eight layers of LLCs, until you arrive at a limited partnership as a member, which has multiple individual members that are now known to be domiciled in Florida, which is also the domicile of Evolution's sole member and CEO, Tony Elwood. Thus, HSS Security, LLC is not diverse from Evolution.

---

[3] Even assuming HSS, Inc. was a "non-existent entity", as asserted by Evolution, it still would have had the right to file this lawsuit. Pursuant to the Colorado Corporations Act: "The dissolution of a corporation shall not eliminate or impair any remedy available to or against the corporation or its directors, officers, or members for any right or claim existing on dissolution or any liability incurred prior to such dissolution if an action or other proceeding is commenced within two years after the date of the dissolution. . ." C.R.S. § 38-30-173(2). In fact, undersigned counsel was operating under the (false) belief that HSS, Inc. had dissolved rather than converted, which is why it continued to believe that HSS, Inc. was the proper party to bring the lawsuit after they learned of HSS, Inc.'s restructuring. It was not until the issue was raised in Evolution's MSJ that the issue was looked at in further detail.

**b. This Court Has Subject Matter Jurisdiction Over Hartford's Claims and Should Maintain Jurisdiction Over the Same.**

As acknowledged by Evolution in its MTD, its sole member is a resident of Florida. (Doc. 117, MTD at pp. 6, 9). Hartford is a Connecticut Corporation with its principal place of business in Connecticut (*see* Hartford 7.1 Corporate Disclosure Statement, Doc. 120) and is, therefore, diverse from Evolution. *See Gwilt, cited supra.* (A corporation's citizenship is determined by the state of its incorporation and location of its principal place of business). Further, the amount in controversy is well above $75,000.00. *See* Doc. 108 at p. 16. Thus, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 over Hartford's claims.

**c. HSS and Hartford Are Not Indispensable Parties and Can Proceed with Their Claims Independently of the Other.**

While not argued in Evolution's MTD, given that HSS is not diverse and Hartford is, the next logical question becomes whether HSS is a "necessary" or "indispensable party" under Rule 19, such that their claims must be litigated in the same proceeding. This precise issue was addressed in the *St. Paul* case.

> [W]here the insurer has paid only part of the insured's loss, however, giving both insurer and insured real stakes in the outcome, "[t]hey are clearly not 'indispensable' parties" within the meaning of Fed.R.Civ.P. 19. *Aetna*, 338 U.S. at 382 & n. 19, 70 S.Ct. 207 (discussing original Rule 19). . . Thus, where the insurer has not fully compensated the insured for its loss, "either party may sue" without the presence of the other. *Aetna*, 338 U.S. at 381, 70 S.Ct. 207. In such a case, if joinder of the absent insured or insurer would deprive the court of jurisdiction over the subject matter of the action, the court may properly proceed in accordance with Rule 19 to adjudicate the rights of the suing plaintiff alone. . .

5

*St. Paul Fire & Marine Ins. Co*., 409 F.3d at 81. The Court went on to rule that,

> [The court has been] persuasively urge[d]. . . to exercise our authority under
> Fed.R.Civ.P. 21 to drop the nondiverse plaintiffs rather than ordering that
> the entire action, which has been pending for some five years, be dismissed
> for lack of jurisdiction. In the interest of judicial efficiency, and in the absence
> of any indication that dropping Durst and FTSA will cause any party
> prejudice, we hereby dismiss Durst and FTSA from the action, leaving St.
> Paul as the only plaintiff.

*Id.* at 82.[4]

This is precisely the scenario here. Just as in *St. Paul,* HSS (the insured) incurred damages independent of Hartford (its insurer), in the form of a $100,000 deductible prior to Hartford's coverage kicking in.  HSS is also entitled to the lodestar amount of attorneys' fees, which will likely result in a higher amount than was actually paid by Hartford to defend HSS in the underlying litigation. *See Home Loan Investment Company v. St. Paul Mercury Insurance* Company, 78 F. Supp. 3d 1307 (D. Colo. 2014) (The damages for the breach of the duty to defend are costs and "reasonable attorney's fees", which are determined by the lodestar method). Hartford, in contrast, is only entitled to those amounts that it paid on HSS' behalf—the settlement amount and attorney's fees and costs for the underlying lawsuit. *See Mid-Century Ins. Co. v. Travelers Indem. Co. of Illinois,* 982 P.2d 310, 315–16 (Colo. 1999) ("Subrogation entails 'the restoration of the amount paid by a surety or other similar person, and restoration of that amount only.'"). Thus, while HSS and Hartford are asserting the same claims and categories of damages, they each have their own individual damages that they incurred. Further, this case has been

---

[4] FRCP 21 states in its entirety: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

pending since July of 2022. The parties have engaged in significant amounts of discovery and briefing, and this Court has already made substantive rulings on liability for two claims. Thus, the interest of judicial efficiency requires that this Court maintain jurisdiction over Hartford's claims.

Lastly, Evolution will also not be prejudiced by this Court's dismissal of HSS and keeping the claims of Hartford, nor has it even argued that it would be. Hartford's claims, as the subrogee of HSS, are the exact claims that HSS has asserted since the outset of the case. Further, the entirety of the damages being sought were disclosed from the very beginning of this case when HSS served its initial disclosures and responses to Evolution's First Set of Written Discovery, so there was no surprise or new evidence submitted when Hartford was added to the case.

To the contrary, Evolution's counsel has informed undersigned counsel that they intend on filing a Motion requesting sanctions and attorneys' fees for the "hundreds of thousands of dollars" it has incurred for HSS' filing a case on behalf of a "non-existent entity." Evolution is attempting to have its cake and eat it too. It argues that the entire case should be dismissed **and** that it should be entitled to its attorneys' fees, but fails to recognize that all of the discovery and briefings thus far do not have to go to waste, as this Court can maintain jurisdiction over Hartford's claims and the case can continue without HSS present in the case.[5] In fact, by threatening to file for sanctions, Evolution is essentially arguing that it will only be prejudiced **if** the Court dismisses Hartford from the case.

---

[5] Even if this Court were to dismiss the case in its entirety, this is a baseless argument, as the discovery done in this case would be usable and substituted into any subsequently filed state court proceeding.

Because Evolution will not be prejudiced by this Court maintaining jurisdiction over Hartford's claims, Hartford suggests that this is in line with Second Circuit's ruling in *St. Paul* and is the appropriate course of action in the case *sub judice*.

### d.  There is No Risk of Inconsistent Judgments.

Further, while not mentioned in Evolution's MTD, to the extent that this Court is concerned with potential inconsistent judgments being entered in the event that it maintains jurisdiction over Hartford's claims and HSS refiles in state court, this would be a non-issue. As an initial matter, this Court has already entered liability judgments in favor of HSS on its claims for breach of contract for failure to procure insurance and breach of duty to defend. [Doc. 87]. Hartford has requested in its recently filed Motion for Partial Summary Judgment [Doc. 108] ("MPSJ"), that this Court enter these same judgments in Hartford's favor, as HSS' subrogee.  If this Court grants Hartford's MPSJ, any state court where HSS refiled would be barred under the doctrine of collateral estoppel/issue preclusion and claim preclusion/*res judicata* from relitigating this issue.  *See Argus Real Est., Inc. v. E-470 Pub. Highway Auth*., 109 P.3d 604, 608 (Colo. 2005) (the doctrine of claim preclusion "protects 'litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.'"). Such would be the same for any future judgment entered by this Court as well.

Further, in its MPSJ, Hartford is seeking 100% of its damages for Evolution's failure to procure insurance.  Breach of the failure to procure insurance damages are those monies that would have been paid by Evolution's carrier had it purchased the requisite insurance and had that insurer accepted HSS' tender of defense and indemnification for the underlying lawsuit. *Steamboat Dev. Corp. v. Bacjac Indus., Inc*., 701 P.2d 127, 128

8

(Colo. App. 1985). This includes the entirety of the amount of attorneys' fees and costs and the settlement amount actually paid by Hartford, as all of these costs should have been paid for by Evolution's E&O carrier, had Evolution procured the requisite insurance under its Agreement with HSS. The amount Hartford paid to settle the underlying lawsuit and the amount that it paid in defense costs and attorneys' fees is undisputed and, therefore, subject to judgment as a matter of law. If this Court were to grant Hartford's MPSJ on damages, Hartford will have recovered all of its damages without the need to try the issue of Evolution and HSS' negligence. Presumably, if this were to occur, Hartford would voluntarily dismiss the remaining claims of breach of duty to defend and indemnify, and the issue of Evolution and Hartford's negligence would be reserved for the state court proceeding upon HSS' refiling.

## II.    EVOLUTION'S ARGUMENT THAT THIS COURT LACKED SUBJECT MATTER JURISDICTION TO GRANT THE AMENDMENT IS AN EXERCISE IN FUTILITY.

Evolution argues, alternatively, that this Court should dismiss HSS and reconsider its ruling granting Plaintiffs leave to file their First Amended Complaint [Doc. 88] ("FAC"), adding Hartford as a plaintiff subrogee. Evolution's logic for this argument is that, since the Court did not have subject matter jurisdiction over HSS' claims, it did not have jurisdiction to rule on the Motion for Leave to File FAC. This argument is misguided for multiple reasons.

First, as set forth above, since HSS is not a necessary party to Hartford's claims, Hartford could have simply filed suit in federal court in a separate proceeding asserting diversity jurisdiction. Indeed, if this Court dismissed Hartford's claims, it could turn around and refile in this same federal District Court based on diversity jurisdiction. Requiring Hartford to do so would be an exercise in futility and be against the spirit of the Federal

Rules of Civil Procedure, which "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Indeed, "it is contrary to the spirit of the Federal Rules of Civil Procedure that decisions on the merits of a cause be avoided on the basis of procedural technicalities." *Gonzalez v. Fireman's Fund Ins. Co.,* 385 F. Supp. 140, 145 (D.P.R. 1974), *citing* F.R.C.P. 1. Rather, Hartford suggests that this Court exercise its discretion and permit Hartford to continue to pursue its claims in this case in the interest of judicial efficiency.

Further, the primary case Evolution relies on for this proposition, *Penn Millers Ins. Co. v. United States*, is distinguishable. 472 F. Supp. 2d 705 (E.D.N.C. 2007). In *Penn Millers,* the insured, S&C Construction, sued the U.S. government in federal District Court under the Federal Tort Claims Act's ("FTCA"), 28 U.S.C.A. § 2675(a), to recover damage to its construction equipment when the army set fire to the forest where the equipment was kept. *Id.* at 707. S&C's insurer, Penn Millers, paid for the damage after S&C paid its deductible. Under the FTCA, it is a prerequisite to confer subject matter jurisdiction in federal court for a plaintiff to file an administrative claim prior to filing suit. *Id.* at 711. The FTCA also has a six-month statute of limitations ("SOL") to file suit. *Id.* S&C Construction never filed an administrative claim under the FTCA, but Penn Millers did. *Id.* at 712-13.

S&C filed its original Complaint with the six-month SOL under the FTCA. *Id.* at 707. A Motion to Amend was later filed, after the six-month statute of limitations under the FTCA had lapsed, to add or substitute Penn Millers as subrogee, which was granted. *Id.* at 707. Upon Motion for Reconsideration, the District Court reversed, finding that S&C failed to exhaust its administrative remedies prior to bring suit (*Id.* at 713), and that "Penn Millers' amended complaint does not relate back and [was] barred by the FTCA's six-

month statute of limitation." *Id.* at 719.  Accordingly, the Court held that its prior granting of the Motion to Amend was improper because ***"both the original and the substituted plaintiff did not comply with the FTCA. Under the FTCA, the non-compliance precludes subject matter jurisdiction."*** *Id.* at 707 (emphasis added). Thus, the Court in *Penn Miller* held that it's granting the Motion for Leave to Amend was improper because the Court did not have subject matter jurisdiction over the *added party's claims.* Here, the Court has subject matter jurisdiction over the added party (Hartford's) claims, via diversity jurisdiction. Thus, *Penn Miller* is distinguishable from the current case.

Similarly, the other cases cited by Evolution are either: (1) similar to *Penn Miller* where the proposed amendment seeking to add a party or claim did not confer subject matter jurisdiction, *See e.g.*, *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1272 (10th Cir. 1998) (proposed amendment to add additional insurance claim still did not reach $75,000 amount in controversy to confer diversity jurisdiction); *Mills v. State of Maine,* 118 F.3d 37, 54 (1st Cir. 1997) (in a case asserting ERISA claims, "the proposed amendment is a futile attempt to bring this case under the ambit of *Ex parte Young* . . . [which] does not apply in cases where plaintiffs seek monetary relief for past violations of federal law. . ."); *Daneshvar v. Graphic Tech., Inc.*, 237 F. App'x 309, 314, 316-17 (10th Cir. 2007) (proposed amendment at appellate level, which failed to establish that plaintiff exhausted administrative remedies sufficient to confer jurisdiction under Title VII, was improper when it could have been originally asserted in district court); or (2) did not involve diversity jurisdiction in a case where an insurer/subrogee has a dispensable claim from its insured. *See e.g.*, *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assur. Co.,* case, 700 F.2d 889, 892 (2d Cir. 1983) (amendment sought to substitute security fund itself for individual fund members regarding fraud claims brought under

RISA and the Welfare and Pension Disclosures Act).

### III.     <u>CONCLUSION</u>

Based on the above, Plaintiffs submit that dismissal of HSS' claims for lack of subject matter jurisdiction is appropriate, but request that this Court deny Evolution's MTD as to Hartford and maintain jurisdiction over its claims.

Respectfully submitted this 13th day of May, 2024.

JOHNSON BAKKEN GREELY SMITH, P.C.
/s/  *John R. Hardwick*
Ryan L. Greely, 53064
James A. Johnson, 27046
John R. Hardwick, 51372
Johnson Bakken Greely Smith, P.C.
9200 E. Mineral Avenue, Suite 450
Centennial, Colorado 80112
Phone: 720-921-2070
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on 13th day of May, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system and/or email which will send notifications of such filing to the following:

Craig J. Mariam
Elena Kuzminova
Gordon Rees
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
cmariam@grsm.com
ekuzminova@grsm.com
*Attorneys for Defendant*

JOHNSON BAKKEN GREELY SMITH, P.C.

/s/  *John R. Hardwick*
Ryan L. Greely, 53064
James A. Johnson, 27046
John R. Hardwick, 51372
Johnson Bakken Greely Smith, P.C.
9200 E. Mineral Avenue, Suite 450
Centennial, Colorado 80112
Phone: 720-921-2070
*Attorneys for Plaintiff*

13