# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  1:22-CV-01854-CNS-KAS

HSS Inc. and Hartford Fire Insurance Company

Plaintiff,

v.

Evolution Consulting, LLC

Defendant.

---

## PLAINTIFFS HSS INC. AND HARTFORD FIRE INSURANCE COMPANY'S REPLY IN SUPPORT OF [DOC. 107] MOTION FOR LEAVE TO AMEND COMPLAINT

---

Plaintiffs, HSS Inc. and Hartford Fire Insurance Company (hereinafter "Plaintiffs"), by and through counsel Johnson Bakken Greely Smith, P.C. hereby file this Reply in Support of [Doc. 107] Motion for Leave to Amend Complaint, pursuant to Fed. R. Civ. P. 15(a)(2), (the "Motion") and in support thereof, state as follows:

## I.    ARGUMENT

**A.    This Court Has Jurisdiction Because Hartford and Evolution Are Completely Diverse and Hartford Was Properly Added as a Plaintiff.**

Contrary to Defendant's arguments, and as set forth in more detail in Plaintiffs' forthcoming Response in opposition to [Doc 117] Evolution's Motion to Dismiss, which is hereby incorporated by reference as if fully stated herein, this Court has jurisdiction to grant the Motion because Hartford was properly added as a Plaintiff in January 2024, because Hartford is completely diverse from Evolution, and because it would be entirely inefficient at this point in this litigation to deny the requested amendment, dismiss this entire action, and force Hartford to re-file its claims against Evolution in a subsequent lawsuit, over which this Court would undoubtedly have subject matter jurisdiction pursuant to 28 U.S.C. § 1332. As such, jurisdiction clearly exists allowing this Court to decide the instant Motion.

**B.    HSS is a Dispensable Party and the Motion is Not Futile.**

Evolution next argues that the Motion is futile because HSS is an indispensable party and that this action cannot move forward without it. To the contrary, HSS is a dispensable party and Rule 19, and the relevant case law, weigh in favor of allowing this matter to continue without HSS.

Rule 19(b) states as follows:

**(b) When Joinder Is Not Feasible.** If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
(2) the extent to which any prejudice could be lessened or avoided by:
    (A) protective provisions in the judgment;
    (B) shaping the relief; or
    (C) other measures;
(3) whether a judgment rendered in the person's absence would be adequate; and
(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

In this case, the first three factors weigh heavily in favor of finding that HSS is not an indispensable party, and ultimately for granting the requested amendment and allowing this matter to continue without disregarding nearly two years of contentious and costly litigation. Indeed, any judgment rendered in favor of Hartford in HSS' absence would not be prejudicial to HSS or Evolution, would be entirely adequate, and the Court could easily take measures and shape the relief requests by Hartford in such a way that any potential prejudice is avoided entirely, as the damages owed to HSS and Hartford, based on the same claims, are distinct.

### 1. No prejudice will result in HSS being absent from this Action.

First, any judgment rendered in HSS's absence would not be prejudicial to either Evolution or HSS. In fact, because Hartford is contractually and equitably subrogated to HSS, the basis of Hartford and HSS's claims (including Hartford's equitable subrogation claim) are exactly the same, meaning that there would be absolutely no prejudice to Evolution or its defenses, nor would any additional discovery become necessary. *See St Paul St. Paul Fire and Marine Insurance Company v. Universal Builders Supply*, 409 F.3d 73, 82 (2nd Cir. 2005). Similarly, there would be no prejudice to HSS because the

damages that are claimed by it and Hartford are separate and distinct (as discussed further below), because Hartford is only partially subrogated, and HSS has the option to re-file its claims in Colorado state court for those damages. As such, contrary to Evolution's claims,

Further, there should be no real concern about Evolution's "second bite at the apple" theory related to HSS potentially being able to recover from Evolution in a subsequent action, even if it were to defeat Hartford's claims in this case. Such a result is not possible here, because should Hartford lose on its claims (which is unlikely), either at trial or on summary judgment, then HSS would be estopped from asserting those same claims pursuant to the doctrine of collateral estoppel/issue preclusion. *See Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1520 (10th Cir. 1990). In order for the doctrine of collateral estoppel to bar a claim, the following four elements must be present:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995). *See also Bebo Const. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84-85 (Colo. 1999) (Applying the same elements in Colorado courts).

In applying the facts of this case to test Evolution's "second bite at the apple" theory, there can be no question that each of these elements are met. First, because Hartford is the subrogee of HSS, the issues to be decided will necessarily be identical. Second, Evolution's theory contemplates that the prior action (*i.e.*, this case) would have

3

been fully and finally adjudicated, and result in Evolution's victory over Hartford. Third, there is no doubt that both Evolution and HSS are and were parties in the prior action; and Fourth, Evolution has had a full and fair opportunity to litigate this case. Therefore, in the unlikely event that Evolution is successful in this action, issue preclusion would apply rendering Evolution's "second bite at the apple" theory a nullity.

Further, claim preclusion would also be beneficial to HSS. In fact, should Hartford be successful on its Motion for Partial Summary Judgment [Doc. 108] and the Court were to enter a liability judgment in favor of Hartford and against Evolution for its failure to procure insurance for HSS, similar to the relief granted in the Order dated January 19, 2024 [Doc. 87], that judgment would inure to HSS' benefit in any subsequent action pursuant to the doctrine of issue preclusion/*res judicata*, which is additional cause for finding that HSS is a dispensable party. *See Argus Real Est., Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005) (the doctrine of claim preclusion "protects 'litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.'").

### 2. *Any prejudice can be entirely avoided.*

Second, this Court, and any subsequent court in which HSS brings an action on its claims could easily shape the judgment in a way to avoid any prejudice whatsoever because HSS's and Hartford's damages are separate and distinct from one another other. In fact, the damages sought in this matter could easily be shaped to ensure that no part of HSS's claimed damages are subject to Hartford's claims, should Hartford ultimately obtain a judgment against Evolution. One the one hand, Hartford only seeks recovery of

the amounts it paid to defend and settle the underlying lawsuit. On the other hand, and as set forth in Hartford's Motion for Partial Summary Judgment on Damages [Doc. 108], HSS is ultimately only entitled to damages that were not paid for by Hartford, which include the first $100,000 it paid in defense of the underlying lawsuit via its deductible, and the "lodestar amount" of defense attorney's fees, less the amount actually paid for defense costs by Hartford. Further, if HSS were to ultimately obtain a judgment against Evolution in a subsequent action in another forum, the Court in that subsequent action could easily shape the relief allowed by either only allowing HSS to attempt to the categories of damages set forth above (the first $100,000 it paid in defense of the Dolphin Actions and the "lodestar amount" of defense attorney's fees, less the amount actually paid for by Hartford), or by simply entering a set-off of any amounts awarded to Hartford in this matter from any damages awarded to HSS in that subsequent matter. Such a solution is extremely simple and would entirely avoid any potential prejudice or risk of inconsistent verdicts.

### 3.  *A judgment in this Action would be entirely adequate.*

Finally, because Hartford is subrogated to HSS for *only the amounts it paid* in the defense and settlement of the underlying lawsuit, such an outcome in this cause, should judgment be rendered in favor of Hartford and against Evolution, such a judgment would be entirely adequate as Hartford would be made whole and HSS would maintain its ability to re-file its claims against Evolution in Colorado state court, seeking its own separate and distinct damages. As such, the factors set forth in Fed. R. Civ. P. 19(b) weigh heavily

in finding that HSS is in fact not an indispensable party, that the Motion is not futile, and that this matter should continue as it relates to Hartford's claims against Evolution.

### 4.  The Second Circuit's ruling in St. Paul is persuasive and directly on point.

Contrary to Defendant's argument, the *St Paul* case is directly on point and is persuasive as to why the requested amendment should be granted and the requested amendment is not futile. *See St Paul*, 409 F.3d at 82 ("In sum, in a diversity case in which both the insurer as subrogee and the insured are plaintiffs and the insurer has paid only part of the loss incurred by the insured, if the presence of either the insurer or the insured destroys diversity, both the district court and the court of appeals have the authority even after the entry of judgment, absent prejudice to any party, to drop the nondiverse party— whether insurer or insured—in order to preserve subject matter jurisdiction.")  Further, the Court in *St. Paul* relied directly on United States Supreme Court opinions regarding Rules 19 and 21, indispensable parties, and partially subrogated insurers being able to maintain an action without its insured's presence, where the addition of that insured would destroy diversity jurisdiction. *See United States v. Aetna Casualty & Security Co.*, 338 U.S. 366, 70 S. Ct. 207, 94 L.Ed 171 (1949)("It is true that under this rationale, there will be cases in which all parties cannot be joined because one or more are outside the jurisdiction, and the court may nevertheless proceed in the action under Rule 19(b). In such cases the United States, like other tortfeasors, may have to defend two or more actions on the same tort.")(discussing original Rule 19); *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 117 n. 12, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968) (1966 amendment to Rule

19 cured "'defective ... phrasing'" and did not alter its underlying principles (quoting Fed.R.Civ.P. 19 Advisory Committee Note (1966)); *Newman-Green v. Alfonzo-Larrain*, 490 U.S. 826, 832, 109 S. Ct. 2218, 2223, 104 L. Ed. 2d 893 (1989)("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time").

Ultimately, the Court in *St. Paul* determined that, in the interest of judicial efficiency, and the absence of any prejudice, it was proper to drop the non-diverse insured in order to maintain subject matter jurisdiction. Those same factors are at play in this case and weigh in favor of granting the Motion. Indeed, not only have the parties already expended large amounts of time and resources in litigating this matter all the way through the *completion of discovery*, this Court has also spent much of its valuable time in ruling on the various motions filed by the parties, and even in crafting its January 19, 2024 Order granting partial summary judgment to HSS. As such, judicial economy and efficiency favors granting Plaintiffs' Motion, rather than dismissing the entire action, particularly when Hartford could simply re-file in this same district, as it is itself completely diverse from Evolution. Finally, although Evolution complains it would suffer undue prejudice if Hartford were allowed to amend its complaint and continue in this action, it cannot rebut the fact that Hartford's claims are identical to HSS' claims because it is the subrogee of HSS. Therefore, all of Evolution's defenses would still be valid, and all of the extensive discovery that was previously completed, and evidence and testimony collected therein, would still be relevant.

**C.      Plaintiffs Have Demonstrated That Good Cause Exists for the Requested Amendment.**

Evolution's argument that Plaintiffs' Motion should be denied simply because it is past the deadline to amend is unavailing. Plaintiffs concede that while the November 17, 2023, deadline to amend pleadings has long passed, the need for the instant amendment clearly did not arise until April 2024 when undersigned counsel first discovered that HSS/HSS Security were not diverse from Evolution, by finally being advised, after a diligent search, of the citizenship of individual partners of a parent entity that is eight layers above HSS/HSS Security. As set forth in detail in the Motion, and regardless of any aspersions cast by Evolution, undersigned did not engage in any gamesmanship or intentional nondisclosure of HSS/HSS Security's citizenship, and certainly did not delay in filing the Motion on April 5, 2042. *See Gorsuch, Ltd. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)(citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D.Colo 2001)("Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed.")

Further, the purpose of the proposed second amended complaint is not to add any new claims, but rather, is solely to clarify the nature of Hartford's interests in the anticipated dismissal of HSS, along with the specific bases of the claims it possesses against Evolution, as the subrogated insurer of HSS, namely by clarifying that it is making equitable, as well as contractual, subrogation claims. *See* Exhibit B to the Motion [Doc. 107] at ¶¶ 30, 40, 49, 62, 67-68, 72-82. Because the Motion was filed solely in anticipation

8

of dismissal of HSS due to lack of diversity with Evolution, which, again, was only recently discovered, and the proposed second amended complaint does not plead any new claims or change any substantive allegations, undersigned submits that it is proper and that good cause has been shown, regardless of the previously expired deadline to amend. *See Reaves v. Sielaff*, 382 F.Supp 472, 474 (E.D. Pa 1974) (Court stated that the purpose of allowing amendments of pleadings is to permit final decision on the merits, and not on technicalities.) As such, and for the reasons included herein, should grant the Motion, even though it is out of time. Based on the above, and as set forth in detail in Plaintiffs' Motion [Doc. 107], good cause exists to allow Hartford to amend and for this matter to not be dismissed in its entirety. Therefore, this Court should grant the Motion.

## II.     CONCLUSION

Plaintiffs HSS, Inc. and Hartford Fire Insurance Company respectfully request that, in anticipation of the dismissal of HSS due to lack of diversity jurisdiction, the Court grant their Motion for Leave to Amend Complaint, pursuant to Fed. R. Civ. P. 15(a)(2) [Doc. 107], deem the proposed Second Amended Complaint filed as of the date of the Order, and for any and other relief the Court may deem just and proper under the circumstances.

Respectfully submitted this 13th day of April 2024.

JOHNSON BAKKEN GREELY SMITH, P.C.

/s/  *John R Hardwick*
James A. Johnson, 27046
Ryan L. Greely, 53064
John R. Hardwick, 51372
Johnson Bakken Greely Smith, P.C.
9200 E. Mineral Avenue, Suite 450
Centennial, Colorado 80112
Phone: 720-921-2070
*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on 13th day of April 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notifications of such filing to the following:

Craig J. Mariam
Elena Kuzminova
Gordon Rees
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
cmariam@grsm.com
ekuzminova@grsm.com
*Attorneys for Defendant*

JOHNSON BAKKEN GREELY SMITH, P.C.

/s/  *John R. Hardwick*
James A. Johnson, 27046
Ryan L. Greely, 53064
Johnson Bakken Greely Smith, P.C.
9200 E. Mineral Avenue, Suite 450
Centennial, Colorado 80112
Phone: 720-921-2070
*Attorneys for Plaintiffs*

10