# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:22-CV-01854-CNS-KAS

HSS Inc. and Hartford Fire Insurance Company

Plaintiff,

v.

Evolution Consulting, LLC

Defendant.

---

## DEFENDANT HSS INC.'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS

---

Defendant HSS, Inc. ("HSS"), through its undersigned counsel, Hall & Evans, LLC, hereby submits the following Response in Opposition to Defendant's Motion for Attorneys' Fees and Non-Taxable Costs.  Pursuant to the Court's Minute Order on June 7, 2024, this briefing is limited to the issue of whether the Court should award fees and costs [ECF 143].

### I. Introduction

HSS relied on its counsel, who had all relevant facts, to determine the correct corporate entity to file this lawsuit and did not act in "bad faith."   Because 28 USCS § 1927 does not allow the imposition of attorneys' fees against a party, Defendant must rely on the inherent authority of the Court to impose sanctions against HSS, which are available only when a litigant acted in "bad faith," such as defrauding the Court to the point where "the very temple of justice has been defiled." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45.  As discussed below, contrary to HSS's prior counsel's representations made in prior filings, which prior counsel now admits were incorrect,

HSS disclosed all relevant facts to its counsel and relied upon its counsel to identify the correct corporate entity to file this lawsuit.  Further, an award of attorneys' fees is not warranted because HSS, LLC has re-filed in the correct jurisdiction, and therefore Defendant did not incur unnecessary costs or attorneys' fees.  *Callicrate v. Farmland Indus.*, 139 F.3d 1336, 1342 (10th Cir. 1998).

## II. The Corrected Facts

HSS's prior counsel admits that he previously made incorrect statements to the Court regarding the events leading up to Defendant's request for attorneys' fees.  See the Declaration of James Johnson attached to Johnson Bakken's Response.  Because these statements form the basis of Defendant's claim for attorneys' fees against HSS, it is important to clarify the correct facts.[1]

1.    On April 7, 2022, HSS filed a public Notice of Conversion with the Colorado Secretary of State indicating that HSS Inc. had converted to HSS Security, LLC.  *See* **EXHIBIT A**, Declaration of Julie Richards, at ¶5; and **EXHIBIT B**, Statement of Conversion.

2.    Before this lawsuit was filed, Julie Richards, then Vice President of Legal and Risk Management for Tarian Group, which included HSS Security, LLC, provided HSS's outside Legal counsel, James Johnson, of Godfrey Johnson Law, with a copy of the subject merger agreement and advised of the corporate entity change. *See* **EXHIBIT A** at ¶6.

3.    The information was provided so that outside legal counsel could confirm that HSS, Inc. was the proper entity under which to file this lawsuit. *Id.*

4.    HSS, Inc. and HSS Security, LLC relied on outside legal counsel to analyze any legal issues surrounding the conversion of the entities and identify the proper named Plaintiff for

---

[1] HSS Inc. and HSS Security, LLC do not waive, and expressly preserve, the attorney-client privilege.

this litigation.  *Id*. at ¶7.

5.    HSS, Inc. and HSS Security, LLC, did not withhold any information from counsel regarding the conversion.  *Id*.

### III. Argument

**A. 28 USCS § 1927 Does Not Allow Sanctions Against a Party.**

Pursuant to the plain language of the statute, 28 USCS § 1927 only allows an award of attorneys' fees or costs against counsel and not against a party.  The statute states, "**Any attorney or other person admitted to conduct cases** in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 USCS § 1927 (emphasis added).   Courts have consistently held that the statute "does not authorize ordering recovery of costs from a party, but only from an attorney or otherwise admitted representative of a party. *Corp. v. Henderson*, 447 F.2d 540, 542 (7th Cir. 1971).  *See also Williams v. Giant Eagle Markets, Inc.*, 883 F.2d 1184, 1191 (3rd Cir. 1989)("Since that statute does not grant a district court the authority to impose liability against the litigant, we conclude that the court's imposition of sanctions against [litigant] was improper"); *Lowery v. County of Riley*, 738 F. Supp. 2d 1159, 1170 (U.S. Dist. Kan. 2010)("this statute provides only for an award of fees against an attorney").  Therefore, HSS cannot be liable for attorneys' fees pursuant to 28 USCS § 1927.

3

**B. HSS Cannot Be Liable for Fees Under the Court's Inherent Authority Because HSS Itself Did Not Act in Bad Faith, Vexatiously, or Wantonly.  Rather, HSS Relied on Counsel to Identify the Correct Plaintiff Entity.**

Having established that 28 USCS § 1927 does not apply to HSS, Defendant must meet the higher standard for imposition of fees and costs pursuant to the Court's inherent authority. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991).  HSS certainly did not act in "bad faith" or "defraud the court itself."  *Id*. at 52.  Rather, HSS disclosed all relevant information to its counsel and relied upon counsel to identify the correct Plaintiff entity under Colorado's corporate code. *See* **EXHIBIT A**, Declaration of Julie Richards, at ¶¶6-7.  *See* also, the Declaration of James Johnson attached to Johnson Bakken's Response.  Therefore, HSS itself cannot be liable for fees.

The Court has inherent authority to impose sanctions against a litigant only if the party itself—as opposed to its counsel—engaged in actual bad faith conduct.  In *Chambers,* the U.S. Supreme Court articulated the "narrowly defined circumstances" for imposing sanctions against a party pursuant to the Court's inherent authority, holding that "a court may assess attorney's fees when a party has ''acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  *Id*. at 45-46 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-259 (1977)).  The Court explained, "In this regard, if a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorney's fees against the responsible party, as it may when a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order."  *Id*. at 46 (internal quotations and citations omitted).  The Court cautioned that, "Because of their very potency, inherent powers must be exercised with restraint and discretion."  *Id*. at 44.

The Court may award fees against a party only if the party itself engaged in "bad faith" conduct."  For example, in *Chambers*, the Court upheld sanctions against a party who hid assets from the Court, knowingly violated a preliminary injunction, and filed "a series of meritless motions and pleadings and delaying actions."  *Id*. at 46-38.  Sanctions against the party were warranted after the lower court made "detailed factual findings" that the "extraordinary  amount of costs and expenses expended in this proceeding" were caused by "the relentless, repeated fraudulent and brazenly unethical efforts of Chambers and others."  *Id*. at 58 (internal quotations omitted).   Sanctions against the party were appropriate because he acted in bad faith by intentionally defrauding the Court and violating court orders.

In contrast, HSS acted in good faith by disclosing the details of the merger transaction to its counsel for the purpose of allowing counsel to make a legal determination of which entity should proceed as the Plaintiff in this litigation pursuant to Colorado corporate law.  *See* **EXHIBIT A**, Declaration of Julie Richards, at ¶¶6-7; and Affidavit of James Johnson attached to Johnson Bakken's Response.  HSS itself made no secret of the fact HSS Inc. had converted to HSS Security LLC.  HSS made public filings with the Colorado Secretary of State disclosing the conversion. *See* **EXHIBIT B**, Statement of Conversion.  In court filings in other cases, HSS filed corporate disclosure statements disclosing the conversion.  *See* ECF No. 138 at p.5.  Likewise, HSS's Rule 30(b)(6) corporate representative testified regarding the conversion.  *See* **EXHIBIT A** at ¶¶6-7. HSS did not hide anything.

Rather, HSS relied on its Colorado litigation counsel, who was fully informed, to make the legal determination of identifying the correct corporate entity to file suit.  Indeed, the status of a converted entity is governed by the Colorado Corporations and Associations Act., C.R.S. § 7-90-

5

201-7-90206.  HSS reasonably relied on its Colorado counsel to determine whether the prior entity or the new entity was the correct party with legal standing to bring a claim pursuant to the Colorado Corporations and Associations Act. It would then, likewise, be incumbent on legal counsel to confirm that both jurisdiction and venue were proper based on the identity and corporate ownership of the named parties to the litigation. HSS's conduct stands in stark contrast to the litigant in *Chambers*, who engaged in "relentless, repeated fraudulent and brazenly unethical efforts." *Chambers*, 501 U.S. 32 at 58.  There are no grounds for awarding attorneys' fees or costs against HSS.

**C. Sanctions are Not Warranted Because HSS Security, LLC Re-Filed in the Correct Jurisdiction**

Because HSS Security, LLC has now re-filed its lawsuit against Defendant in the correct jurisdiction, all discovery and motions work completed by Defendant is re-usable, and Defendant will continue to have a remedy in state court.  *Callicrate v. Farmland Indus.*, 139 F.3d 1336, 1341, 1343 (10th Cir. 1998).  In *Callicrate*, the Court stayed an award of costs after a claim was dismissed for lack of jurisdiction after the plaintiff re-filed in the correct jurisdiction, explaining that, "[t]his disposition will avoid the possibility of double or overlapping recovery of costs for preparations on the merits of the case by a speculative federal court costs award."  *Id.* at 1343. Though *Callicrate* technically addresses the recovery of non-taxable costs, the reasoning of the decision applies equally to recovery of fees.  The potential sanction is not warranted if the work done that resulted in the incurring of fees can be re-used in the re-filed litigation.  Therefore, attorneys' fees should not be awarded here.

WHEREFORE, HSS, Inc. respectfully requests that the Court DENY Defendant's Motion for Attorneys' Fees and Non-Taxable Costs against HSS, along with all further relief the Court

deems just and proper.

Respectfully submitted this 26th day of August, 2024.

Respectfully submitted,

Hall & Evans, LLC

*s/ Daniel J. Bristol*
Daniel J. Bristol, Esq.
1001 17th Street, Suite 300
Denver, CO  80202
Phone:  (303) 628-3300
Fax:  (303) 628-3368
bristold@hallevans.com
***Counsel for Plaintiff HSS Inc.***

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August, 2024, I electronically filed the foregoing **DEFENDANT HSS INC.'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to parties or counsel registered through ECF.

James A. Johnson
Ryan L. Greely
Johnson Bakken Greely Smith, P.C.
9200 E. Mineral Avenue, Suite 450
Centennial, Colorado 80112
*Interested Party*

L. Michael Brooks, Jr.
Wells, Anderson & Race, LLC
1700 Broadway, Suite 900
Denver, Colorado 80290
mbrooks@warllc.com
*Attorney for Plaintiff Hartford Fire Ins. Co.*

Craig J. Mariam
Elena Kuzminova
Gordon Rees
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
cmariam@grsm.com
ekuzminova@grsm.com
*Attorneys for Defendant*

/s/Amber Tamborello
Amber Tamborello

8