IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-01854-CNS-KAS

HSS Inc. and Hartford Fire Insurance Company,

    Plaintiffs,

v.

EVOLUTION CONSULTING, LLC,

    Defendant.

**ORDER**

## I.  INTRODUCTION[1]

Plaintiff HSS Inc. filed suit against Defendant Evolution Consulting, LLC on July 27, 2022, asserting diversity jurisdiction. ECF No. 1. HSS Inc., however, did not exist as a corporation in July 2022. In April 2022, HSS Inc. converted to HSS Security, LLC. ECF No. 129 at 3. HSS Security later admitted that it is (and was) the proper plaintiff to assert the claims in this case, and that HSS Security is not diverse from Evolution. *Id.* at 4. Evolution moved to dismiss the lawsuit on Federal Rule of Civil Procedure 12(b)(1) grounds, ECF No. 117, and the Court granted that motion, ECF No. 138.

---

[1] The Court provided a detailed factual background in its January 9, 2024 order, *see* ECF No. 87 at 3–7, and declines to repeat that background here.

1

Evolution now seeks its attorneys' fees and costs jointly and severally against HSS and its counsel. ECF No. 141. HSS responded in opposition, ECF No. 159, as did HSS's counsel's law firm, ECF No. 160. For the reasons below, the Court denies Evolution's motion.

## II.  LEGAL STANDARD

Evolution moves for fees under 27 U.S.C. § 1927 and the Court's "inherent authority." ECF No. 141 at 2. Section 1927 "targets the vexatious and unreasonable multiplication of proceedings." *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006). The statute provides that

> any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

27 U.S.C. § 1927. Attorney conduct that, "'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court,' is sanctionable." *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1202 (10th Cir. 2008) (quoting *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir.1987) (en banc)). The standard to be applied under § 1927 "does not require a finding of bad faith," but it also does not excuse one who acts with "an empty head and a pure heart." *Id.* (quoting *Braley*, 832 F.2d at 1512). The statute requires attorneys to exercise judgment and "regularly re-evaluate the merits" of claims to "avoid prolonging meritless claims." *Steinert*, 440 F.3d at 1224.

There are some important nuances gleaned from the plain text of § 1927. First, § 1927 does not allow the imposition of attorneys' fees against a party. Second, § 1927

2

applies only to the multiplication of proceedings; the statute does not authorize sanctions for improperly initiating proceedings. See *Abbondanza v. Weiss*, No. 19-CV-00328-TMT-MEH, 2023 WL 2824321, at *2 (D. Colo. Feb. 17, 2023) (citing *Steinert*, 440 F.3d at 1224–25), *report and recommendation adopted*, No. 119CV00328TMTMEH, 2023 WL 2824322 (D. Colo. Mar. 20, 2023). Third, unlike Federal Rule of Civil Procedure 11, the purpose of § 1927 is to "compensate victims of abusive litigation practices, not to deter and punish offenders." *Hamilton*, 519 F.3d at 1205.

Evolution also invokes this Court's inherent authority to sanction not only the law firm but also HSS. Federal courts have "inherent authority to sanction" a party or attorney who "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Hutchinson v. Pfeil*, 208 F.3d 1180, 1186 (10th Cir. 2000) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)); *see also Abbondanza*, 2023 WL 2824321, at *2. "[I]f a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorney's fees against the responsible party." *Chambers*, 501 U.S. at 46 (citation and quotation omitted). These sanctions are "limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104 (2017). The Supreme Court has cautioned that this non-statutory sanction "power[] must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44 ("Because of their very potency, inherent powers must be exercised with restraint and discretion.").

## III.  ANALYSIS

The Court first addresses whether HSS's former counsel should be liable for Evolution's fees and costs under § 1927 and the Court's inherent powers. It then addresses whether it should invoke its inherent authority to impose sanctions on HSS.

### A.     HSS's Counsel, Johnson Bakken Greely Smith, P.C.

Evolution argues that HSS's "counsel's behavior was entirely unreasonable, and they disregarded their duties throughout the pendency of this litigation" by failing to recognize that HSS Inc. was not the proper plaintiff to file suit. ECF No. 141 at 4. In response, HSS's counsel explains that he was "mistakenly under the impression" prior to filing "that HSS Inc.'s entity change was via an asset sale/purchase when it was actually a conversion." ECF No. 160 at 5. According to counsel, an "asset sale would have permitted HSS Inc. to have remained the proper party in the federal lawsuit, as HSS Inc. had the contractual privity with Evolution." *Id.* The Court is not convinced that sanctions are warranted in this instance.

The arguments presented by Evolution may show that HSS's counsel was negligent. *See, e.g., id.* (arguing that, "when HSS inevitably paid its counsel for costs/expenses throughout this two-year litigation, surely the fact that the payments and reimbursements were coming *from a different entity* should have tipped off Plaintiffs' counsel"); *id.* at 4 (arguing that counsel should have asked HSS whether HSS was "still a Colorado corporation"). But § 1927 sanctions generally are not warranted for negligent conduct. *See Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1241–42 (11th Cir. 2007) ("[i]t is also, by now, clear that negligent conduct, standing alone" will not support

4

an award of fees under § 1927—"that is, an attorney's conduct will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable attorney"); *United States v. Wallace*, 964 F.2d 1214, 1219 (D.C. Cir. 1992) ("'[U]nintended, inadvertent, and negligent acts will not support an imposition of sanctions under section 1927.'" (quoting *Cruz v. Savage*, 896 F.2d 626, 631 (1st Cir. 1990))).

It may be true that counsel failed to file its corporate disclosure statement as required by Federal Rule of Civil Procedure 7.1(a)(2), *see* ECF No. 138 at 5 n.4, but Evolution did not provide any authority suggesting that a failure to file a corporate disclosure statement rises to the level of "intentional or reckless disregard of the attorney's duties to the court." *Hamilton*, 519 F.3d at 1202.[2] The D.C. Circuit has stated that, "[f]or an act to be considered reckless misconduct, there must be a conscious choice of a course of action." *United States v. Wallace*, 964 F.2d 1214, 1220 (D.C. Cir. 1992) (citation and quotation marks omitted). Here, it makes little sense to believe that counsel chose this course of conduct intentionally: HSS could have prevailed at trial only to have its jury verdict erased on jurisdictional grounds after trial. *Niemi v. Lasshofer*, 770 F.3d 1331, 1345 (10th Cir. 2014) ("[T]he question of subject-matter jurisdiction can be raised at any time."). Therefore, it is unlikely that counsel intentionally chose to proceed with the incorrect entity after learning that this Court lacked jurisdiction.

Moreover, Evolution argues that HSS's counsel knew about the merger *before* filing this lawsuit. It also argues that HSS's counsel "violated its duties to investigate

---

[2] To be sure, the Court does not condone counsel's failure to file a corporate disclosure statement. *See* ECF No. 138 at 5 n.4

whether HSS was the proper (or a viable) plaintiff *before* it commenced this litigation." ECF No. 162 at 8. But the Court has already explained that § 1927 does not authorize sanctions for conduct that occurred prior to filing suit. *See Abbondanza*, 2023 WL 2824321, at *2 (D. Colo. Feb. 17, 2023) (citing *Steinert*, 440 F.3d at 1224–25).

Taken together, the Court declines to hold counsel liable for Evolution's attorney fees under § 1927.

Evolution also seeks attorney fees against HSS's counsel under the Court's inherent authority to sanction counsel. The Court declines to do so. Evolution cannot show that HSS's counsel "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Hutchinson*, 208 F.3d at 1186. Although counsel admits—as he must—that "he could have known that HSS Inc. had been converted to HSS Security, LLC prior to the filing of the Complaint, had a more diligent investigation into the matter been conducted," ECF No. 160 at 1, such oversight, while potentially rising to negligent conduct, does not indicate bad faith. *United States v. Parker*, 72 F.3d 1444, 1452 (10th Cir. 1995) ("Mere negligence is not sufficient to establish . . . bad faith."); *Miller v. Mile Hi Foods, Co.*, No. 20-CV-03682-MEH, 2022 WL 18670210, at *1 (D. Colo. Oct. 5, 2022) (no finding of "bad faith or willfulness" despite "undoubtedly" finding negligence). Accordingly, Evolution has not demonstrated that sanctions are appropriate under the Court's inherent authority.

Finally, Evolution moves to recover non-taxable costs in the amount of $85,236.23 jointly and severally against HSS and its counsel. ECF No. 141 at 11. Evolution invokes 28 U.S.C. § 1919, which provides that, "[w]henever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs."

Counsel argues in response that awarding costs should be left to the state court (where HSS refiled suit against Evolution) to decide after a prevailing party has been determined on the merits of HSS's claims. ECF No. 160 at 3 (citing *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1342 (10th Cir. 1998)). Evolution appears to abandon its request for non-taxable costs because it fails to respond to counsel's argument in its reply brief.[3] The Court thus declines to award costs under § 1919.

### B. HSS

The Court has inherent authority to impose sanctions against a party only if the party itself—as opposed to its counsel—engaged in actual bad faith conduct. *Chambers*, 501 U.S. at 33 ("Although the 'American Rule' prohibits the shifting of attorney's fees in most cases, an exception allows federal courts to exercise their inherent power to assess such fees as a sanction *when a party* has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, as when *the party* practices a fraud upon the court, or delays or disrupts the litigation or hampers a court order's enforcement." (citations omitted)). Other than mere conjecture, Evolution failed to show that HSS engaged in actual bad faith conduct.

Julie Richards, HSS's former in-house counsel, states that she provided HSS's outside counsel with a copy of the subject merger agreement and advised counsel of the corporate entity change before filing this lawsuit. ECF No. 159 at 2 (citing ECF No. 159-

---

[3] Even if Evolution had responded, the *Callicrate* court addressed the issue when, as here, a plaintiff's case was dismissed in federal court but refiled in state court. 139 F.3d at 1342 (upholding award of costs, finding the award of $8,146 under § 1919 was "just"; further stating that "[t]his is so particularly in light of the fact that there was, at the time of their allowance, *no ongoing state court litigation between Callicrate and Farmland*" such that "Farmland *could not recover any costs in the state court suit*" (emphasis added)).

1 (Declaration of Julie Richards), ¶ 6. She further states that she provided this information so that outside counsel could confirm that HSS, Inc. was the proper entity to file this lawsuit. *Id*. Finally, she states that HSS, Inc. and HSS Security, LLC did not withhold any information from counsel regarding the conversion. *Id*.

Evolution points to HSS's Tenth Circuit Rule 26.1(A) disclosure statement in an unrelated case where HSS acknowledges that "HSS, Inc. was converted to HSS Security, LLC in April 2022." ECF No. 138 at 4. But this unrelated appellate brief filed by a different law firm does not demonstrate on its face that HSS acted in bad faith. A party is entitled to rely on its outside litigation counsel for advice, and Evolution has provided this Court no caselaw where a court imposed sanctions on a party in an analogous situation.

Evolution has failed to show that HSS has acted in bad faith or otherwise defrauded this Court. This is not a case where the claims are meritless. Indeed, the Court granted in part HSS's partial motion for summary judgment. And HSS has already refiled its lawsuit against Evolution in state court. ECF No. 159 at 6; ECF No. 160 at 3. The Court, therefore, declines to exercise its inherent powers to sanction HSS. *See Chambers*, 501 U.S. at 44 ("Because of their very potency, inherent powers must be exercised with restraint and discretion.").

### IV.     CONCLUSION

Consistent with the above analysis, the Court DENIES Evolution's Motion for Prevailing Party's Attorneys' Fees and Costs. ECF No. 141.

DATED this day 11th day of October 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge