**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**September 17, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

HSS, INC.; JOHNSON BAKKEN
GREELY SMITH, P.C.,

    Plaintiffs - Appellees,

v.

EVOLUTION CONSULTING, LLC,

    Defendant - Appellant,

and

HARTFORD FIRE INSURANCE
COMPANY,

    Plaintiff.

No. 24-1443
(D.C. No. 1:22-CV-01854-CNS-KAS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.

_____

Defendant Evolution Consulting, LLC appeals from the district court's denial

of its motion for attorney fees and costs against HSS, Inc. (HSS) and its former

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

counsel, Johnson Bakken Greely Smith, P.C.  Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm the district court's decision.

I

In July 2022, HSS filed this action against Evolution in the United States

District Court for the District of Colorado.  The complaint alleged that HSS was "a

Colorado corporation with a principal place of business" in Colorado, and that

Evolution was "a New York limited liability company with a principal place of

business" in New York.  Aplt. App. vol. I at 19, ¶¶ 1–2.  The complaint further

alleged that the district court had diversity jurisdiction under 28 U.S.C. § 1332(a)(1)

because there was complete diversity of citizenship and the amount in controversy

exceeded $75,000.00.

On the merits, the complaint alleged that HSS and Evolution entered into a

contract in 2017 under which Evolution agreed "to perform background

investigations on prospective HSS employees and job candidates," *id.* at 20, ¶ 10, but

Evolution failed to discover and report to HSS that a particular candidate for

employment as a security guard had a prior conviction for a violent felony.  HSS

asserted claims against Evolution for negligence, negligent misrepresentation, and

breach of contract.

When HSS filed its complaint, it was represented by James Johnson from the

law firm of Godfrey Johnson P.C.  In February 2023, Mr. Johnson became associated

with the law firm of Johnson Bakken Greely Smith, P.C. (the Johnson firm).

Mr. Johnson and his firm continued to represent HSS until May 2024.

HSS filed a first amended complaint (FAC) in January 2024 adding Hartford Insurance Company as an additional plaintiff.   The FAC alleged that Hartford was a Connecticut casualty-insurance company that issued a commercial general-liability policy to HSS.  Like the original complaint, the FAC maintained that the district court had diversity jurisdiction.

Shortly after HSS filed its FAC, Evolution filed a motion for summary judgment. It alleged, in relevant part, that in March 2022, "HSS merged with an entity 'South Broadway Merger Sub Inc.'" and that shortly thereafter HSS "ceased doing business as a Colorado corporation, and its new owners converted it into 'HSS Security,' a Delaware LCC on April 7, 2022." *Id.*  at 53–54, ¶¶ 12–13.  Evolution argued that HSS Security was the real party in interest and that HSS's assertions that it was a Colorado corporation were false.

Plaintiffs filed a response conceding these facts. They asserted that after Evolution filed its motion for summary judgment, the Johnson firm "discovered through an extremely comprehensive and lengthy investigation, that some of HSS Security['s] . . . members (which consists of at least 8 other 'layers' of limited liability companies and partnerships, included in a very complicated tax structure) are not diverse from Evolution, which destroys jurisdiction for HSS's claims."  Aplt. App. vol II at 219.  Plaintiffs argued, however, that "Hartford is still a proper plaintiff" because it was "HSS's subrogee/insurer," and that the district court "maintains jurisdiction over [Hartford's] claims because it is diverse from Evolution." *Id.*

3

Evolution responded by moving to dismiss the entire action under Rule 12(b)(1) for lack of subject-matter jurisdiction.  The district court granted Evolution's motion to dismiss in May 2024, but in doing so, it dismissed Hartford's claims without prejudice.

Shortly thereafter, Evolution moved for attorney fees and costs against plaintiffs and their counsel. It argued that the court should hold plaintiffs and their counsel liable for Evolution's attorney fees under 28 U.S.C. § 1927 and the district court's inherent authority, and should also order payment of Evolution's nontaxable costs under 28 U.S.C. § 1919.

HHS, represented by new counsel, filed a response in opposition to Evolution's motion for fees and costs. It alleged that it had provided Johnson with the information regarding HSS's conversion to HSS Security and in turn relied on Johnson "to analyze any legal issues surrounding the conversion of the entities and identify the proper named Plaintiff for this litigation."  Aplt. App. vol. IV at 697–98, ¶ 4 (citations omitted).  HSS argued that 28 U.S.C. § 1927 "only allows an award of attorneys' fees or costs against counsel and not against a party." *Id.* at 698. It also argued that it could not be liable for fees under the district court's inherent authority because it did not act in bad faith, vexatiously, or wantonly. Finally, HSS argued that sanctions were not warranted because HSS Security refiled its lawsuit against Evolution in state court, so Evolution's preparatory work would be reusable and it would have a remedy in state court.

4

The Johnson firm also opposed Evolution's motion for attorney fees and costs. It "concede[d]" that it "could have known that [HSS] had been converted to [HSS Security] prior to the filing of the Complaint, had a more diligent investigation into the matter been conducted." *Id.* at 710. The firm explained that "[w]ith additional work," it "could then have discovered every downstream member of [HSS Security's] complex ownership structure and could have alleged that in the initial Complaint, thus giving Evolution the opportunity at that time to dispute diversity jurisdiction." *Id.* at 710–11. The Johnson firm argued, however, that its "mistake does not warrant the sanctions requested by Evolution" because the case was refiled against Evolution in Colorado state court and "effectively all of the discovery and other work conducted in [the federal] case was applicable to [the state] case, making all the fees and costs associated with that work done by Evolution meaningful and re-usable." *Id.* at 711.  As for Evolution's request for costs, the Johnson firm argued that "since the case has been refiled, it should be left to the state court to decide the issue of costs after a prevailing party has been determined on the merits of HSS' claims."  *Id.* at 712.

The district court denied Evolution's motion for attorney fees and costs. Although the district court agreed that the Johnson firm may have been negligent, it concluded that "§ 1927 sanctions generally are not warranted for negligent conduct." *Id.* at 795.  Likewise, the court concluded "that § 1927 does not authorize sanctions for conduct that occurred prior to filing suit," and thus rejected Evolution's argument based on the alleged knowledge of HSS's counsel "about the merger before filing this

lawsuit." *Id.* at 796–97 (emphasis omitted). It also found that it was "unlikely that [HSS's counsel] intentionally chose to proceed with the incorrect entity after learning that this Court lacked jurisdiction." *Id.* at 796. Accordingly, the district court "decline[d] to hold counsel liable for Evolution's attorney fees under § 1927." *Id.* at 797. It also declined to employ its "inherent authority to sanction" counsel because it determined that Evolution could not show that counsel "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (internal quotation marks omitted). Finally, the court declined to award nontaxable costs against counsel under 28 U.S.C. § 1919.

As for Evolution's request for sanctions against HSS, the district court concluded, "Evolution failed to show that HSS engaged in actual bad faith conduct." *Id.* The court also noted this was "not a case where the claims [we]re meritless" because it had already "granted in part HSS's partial motion for summary judgment." *Id.* at 799.

II

*A.  District court's denial of fees*

Evolution challenges the district court's denial of its motion for attorney fees. We review a district court's decision whether to award sanctions only for an abuse of discretion. *See Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1256 (10th Cir. 2015). This is true whether the sanction is "rooted in statute . . . or a court's inherent authority." *Id.* "A district court abuses its discretion when it (1) fails to exercise meaningful discretion, such as acting arbitrarily or not at all, (2) commits an error of

6

law, such as applying an incorrect legal standard or misapplying the correct legal standard, or (3) relies on clearly erroneous factual findings." *Id.*

### 1.  28 U.S.C. § 1927

We turn first to Evolution's request for fees under 28 U.S.C. § 1927. Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  "[S]anctions under § 1927 do not require a finding of subjective bad faith, rather any conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court is sanctionable."  *Obeslo v. Empower Capital Mgmt., Inc.*, 85 F.4th 991, 1005 (10th Cir. 2023) (internal quotation marks omitted).  But "we have cautioned that § 1927 represents an extreme standard, and fees should be awarded only in instances evidencing a serious and standard disregard for the orderly process of justice, lest the court dampen the legitimate zeal of an attorney in representing his client."  *Id.* (internal quotation marks omitted).

Evolution argues that sanctions in the form of a fee award were appropriate in this case because of the "failure to correct the jurisdictional misrepresentation in the Complaint, along with the failure to file or supplement corporate disclosure statements."  Aplt. Br. at 13.  It also argues that the district court failed to consider these grounds when it denied Evolution's request for sanctions.

We reject these arguments. The district court's order makes clear it considered both of the grounds cited by Evolution. *See* Aplt. App. vol. IV at 795 (noting Evolution's argument that Johnson and his firms "disregarded their duties throughout the pendency of this litigation by failing to recognize that [HSS] was not the proper plaintiff to file suit" (internal quotation marks omitted)), 796 (noting counsel's failure "to file its corporate disclosure statement as required by Federal Rule of Civil Procedure 7.1(a)(2)"). Although the district court acknowledged that counsel may have been negligent in their conduct, it noted that "§ 1927 sanctions generally are not warranted for negligent conduct." *Id.* at 795. It also noted that Evolution provided no "authority suggesting that a failure to file a corporate disclosure statement rises to the level of intentional or reckless disregard of the attorney's duties to the court." *Id.* at 796 (internal quotation marks omitted). In addition, the court concluded that it "ma[de] little sense to believe that counsel chose this course of conduct intentionally" because they would have realized that "HSS could have prevailed at trial only to have its jury verdict erased on jurisdictional grounds after trial." *Id.*

Evolution also argues that the district court "ignored the evidence tending to show that" counsel was "reckless and indifferent to the law at a minimum," and not merely negligent. Aplt. Br. at 14. That evidence, Evolution asserts, included counsel's "failure to investigate its client and HSS's claims before filing the Complaint and the FAC," their "misrepresentations to the Court in the Complaint and the FAC," and their "failure to file a corporate disclosure statement (on multiple occasions)." *Id.* at 17–18. Evolution also (contrary to its assertion of a failure to

investigate) points to evidence that it suggests indicated that counsel was "aware of the . . . merger, the form of the merger, and the fact that it was not an asset purchase agreement" prior to filing this lawsuit.[1] *Id.* at 19.

The district court's order shows that it considered all this evidence. With respect to the items of evidence that pertained to counsel's knowledge before filing suit, the court concluded "that § 1927 does not authorize sanctions for conduct that occurred prior to filing suit." Aplt. App. vol. IV at 797; *see Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006) (concluding that there was "support" for the argument "that § 1927 only applies to the multiplication of proceedings and not to the initiation of proceedings"). Notably, Evolution does not dispute that conclusion. As for the other categories of evidence cited by Evolution, the court considered them and found that counsel did not act intentionally or with reckless disregard of their duties to the court.

Finally, Evolution argues that the district court "erred by failing to consider Section 1927's incentive for attorneys to regularly re-evaluate the merits of their claims and to avoid prolonging meritless claims." Aplt. Br. at 20. The only case that Evolution cites in support of this proposition, however, concerned an attorney's pursuit of "patently meritless" claims. *Steinert*, 440 F.3d at 1225. The defect at issue here, in contrast, went to the district court's jurisdiction and not to the merits of

---

[1] The evidence cited by Evolution demonstrates only that Johnson was aware in December 2022, about five months after this action was filed, that HSS sold its assets to HSS Security and believed at that time that "the transaction was a straight asset purchase agreement which disclaimed liabilities." Aplt. App. vol. IV at 786.

the claims against Evolution.  The record shows that the court considered all the relevant facts and, after doing so, concluded that counsel's conduct did not meet the "extreme standard" of § 1927.  *Obeslo*, 85 F.4th at 1005 (internal quotation marks omitted).

We are not persuaded that the district court abused its discretion in denying Evolution's request for sanctions under § 1927 against HHS's counsel.

### 2.  *The district court's inherent power to sanction*

Evolution also argues that the district court erred by refusing to exercise its inherent power to sanction both HSS and its counsel.  The Supreme Court has long recognized that district courts have the inherent power to "levy sanctions in response to abusive litigation practices."  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980).  In particular, "in narrowly defined circumstances," district courts "have inherent power to assess attorney's fees against counsel."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (internal quotation marks omitted).  Those circumstances include when an attorney willfully disobeys a court order and "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Id.* at 45–46 (internal quotation marks omitted).

The district court chose not to exercise its inherent power to sanction counsel because Evolution could not show that they "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  Aplt. App. vol. IV at 797 (internal quotation marks omitted).  Evolution challenges that conclusion by arguing that the court "ignored facts before it" regarding counsel's conduct, Aplt. Br. at 23, but we have

already rejected that argument.  Evolution also argues that the district court "should

have weighed whether the record supported a finding that" counsel "acted

vexatiously."  *Id.*  But the district court's decision makes clear that it did so—the

court recognized its inherent authority to sanction an attorney "who has acted . . .

vexatiously," Aplt. App. vol. IV at 794 (internal quotation marks omitted), but

concluded that "Evolution cannot show that" counsel "acted . . . vexatiously," *id.* at

797 (internal quotation marks omitted).

The district court also chose not to exercise its inherent power to sanction HSS

itself because it found no evidence suggesting that HSS "acted in bad faith or

otherwise defrauded" the court.  Aplt. App. vol. IV at 799.  Evolution takes issue

with this finding, but merely points to the same evidence that the district court found

inadequate.  After examining the record on appeal, including the evidence cited by

Evolution, we conclude that the district court's finding was not clearly erroneous.

## B.  District court's denial of costs

Evolution contends that the district court erred in denying its request for

nontaxable costs under 28 U.S.C. § 1919.  Section 1919 states, in relevant part, that

"[w]henever any action or suit is dismissed in any district court . . . for want of

jurisdiction, such court may order the payment of just costs."  "The taxing of costs"

under § 1919 "rests in the sound judicial discretion of the district court, and we

therefore review the district court's" decision "for an abuse of discretion."  *Callicrate

v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998).

We addressed an analogous situation in *Callicrate*. The plaintiff in that case filed suit against three defendants in federal court "alleging diversity jurisdiction," but "[u]pon finding a lack of diversity between the parties, the district court dismissed the action without prejudice on defendants' motions for want of subject matter jurisdiction." 139 F.3d at 1337–38. The plaintiff then refiled the same claims against two of the defendants in state court, one of whom settled with the plaintiff. Although the federal district court awarded costs under § 1919 to the two defendants who were sued in state court, we reversed as "speculative and premature" the award in favor of the nonsettling defendant. *Id.* at 1342. We explained "that the award of costs pertaining to the preparation and discovery going to the merits of the . . . controversy" between the plaintiff and the nonsettling defendant "should not have been awarded by" the district court to the nonsettling defendant "because their recovery by [the nonsettling defendant] would be improper under federal law . . . if" the plaintiff were to prevail against the nonsettling defendant "on the merits of his claims." *Id.* We also said that the "costs of the parties for preparations on the merits of their controversy c[ould] be determined in the [state] court on the basis of which party prevail[ed] in accord with [applicable state] law" and could "include those incurred before the dismissal of the federal action . . . which pertained to preparations for litigating the merits of the . . . controversy." *Id.* at 1343. We concluded by saying that our ruling "w[ould] avoid the possibility of double or overlapping recovery of costs for preparations on the merits of the case by a speculative federal court costs award." *Id.*

Here, the district court noted that counsel argued in response to the motion for costs that, in light of *Callicrate*, "awarding costs should be left to the state court (where HSS refiled suit against Evolution) to decide after a prevailing party has been determined on the merits of HSS's claims." Aplt. App. vol. IV at 798. The court said that Evolution appeared to "abandon its request for non-taxable costs" by "fail[ing] to respond to" this "argument in its reply brief." *Id.* It further stated that "[e]ven if Evolution had responded," the court agreed with HSS's counsel that, under *Callicrate*, costs were not available when "a plaintiff's case was dismissed in federal court but refiled in state court." *Id.* at 798 n.3.

We find no abuse of discretion by the district court. Although filing reply briefs is optional, "a consequence of the[] failure to file them is that" the appellant or moving party "waive[s] any non-obvious rejoinders to arguments raised in the response brief." *In re Syngenta AG MIR 162 Corn Litigation (Hossley-Embry Group II)*, 111 F.4th 1095, 1110 n.15 (10th Cir. 2024); *see Eaton v. Pacheco*, 931 F.3d 1009, 1031 (10th Cir. 2019) (because petitioner failed to "respond to the state's mootness argument in his reply brief," the court "treat[ed] any non-obvious responses he could have made as waived and assume[d] the state's mootness analysis [wa]s correct"). *Callicrate* establishes that costs in these circumstances should generally be resolved in state court, so we cannot say that this case presents an obvious exception to that rule. Consequently, it was up to Evolution to distinguish this case from *Callicrate*. Because Evolution failed to do so in its reply brief, we affirm the district court on this issue.

13

III

The district court's order denying Evolution's motion for fees and costs is affirmed.

Entered for the Court


Harris L Hartz
Circuit Judge

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

September 17, 2025

To Counsel of Record

**RE:    24-1443, HSS, Inc., et al v. Evolution Consulting, LLC**
         Dist/Ag docket: 1:22-CV-01854-CNS-KAS

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40(d)(1), any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. *See* Fed. R. App. P. Rule 40 and 10th Cir. R. 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

CMW/klp